

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-15-00416-CR

———————————————

JOSHUA GOLLIDAY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1379815D

Before the En Banc Court[1]
Memorandum Opinion on Remand by Justice Gabriel
Senior Justice Dauphinot concurs and dissents without opinion

---

[1]The en banc court for this appeal consists of all current members of the court as well as Senior Justices Lee Ann Dauphinot and Anne Gardner who were members of the panel on original submission and are eligible for assignment to this court. *See* Tex. R. App. P. 41.2(a).

**MEMORANDUM OPINION ON REMAND**

Appellant Joshua Golliday appeals from his conviction for the sexual assault of his neighbor Betsy.[2] He argues that the trial court abused its discretion by excluding his proffered character evidence and by denying his mistrial request after the State improperly commented on his failure to testify during its closing jury argument, and that the cumulative effect of these errors warrants reversal of his conviction. We conclude that no reversible error occurred during Golliday's trial and affirm the trial court's judgment.

## I. BACKGROUND

After Golliday drove Betsy to a convenience store to get cigarettes, Betsy invited him into her apartment to watch a movie. They began kissing, which Betsy consented to, but Golliday wanted more. When Betsy asked Golliday to leave her apartment, Golliday ripped off her pants and forcibly raped her. When Golliday fled, Betsy chased after him while calling 911, giving the police Golliday's license plate number when he drove off.

At trial, Golliday argued that Betsy's story was inconsistent, that the sex had been consensual, and that the police investigation had not been thorough. Golliday attempted to question Betsy and the sexual-assault nurse examiner (SANE) about various matters that he asserted were relevant and would allow the jury to "get the

---

[2]We refer to the complainant by an alias to protect her identity. *See* Tex. R. App. P. 9.8 cmt.; 2d Tex. App. (Fort Worth) Loc. R. 7.

whole picture of the situation." On original submission, this court concluded that Golliday's stated reasons supporting the admission of the evidence along with his offer of proof preserved his appellate complaints that the exclusions violated the Confrontation Clause and due process. *Golliday v. State*, 551 S.W.3d 193, 199–200 (Tex. App.—Fort Worth 2017) (en banc op. on reh'g). The court of criminal appeals reversed, holding that although Golliday had made an offer of proof, informing the trial court of the substance of the excluded testimony, his stated objections were insufficient to inform the trial court that the reason he sought admission was based on constitutional grounds; thus, his constitutional arguments were not preserved for appellate review. *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018). The court of criminal appeals remanded the case to this court to consider his remaining appellate issues: "[T]hat the State had improperly commented on his silence to the jury, that the trial court had erred in sustaining an objection to proffered character evidence, and that the cumulative effect of trial errors prevented him from presenting his defense." *Id.* at 667, 671.

## II. CHARACTER EVIDENCE

Golliday argues that the trial court abused its discretion by excluding the testimony of three of his former girlfriends that their dating relationships with Golliday were respectful and that they were surprised to hear Betsy's allegations. The State objected, asserting that their testimony was not relevant to a fact at issue and that it was improper character testimony. Golliday responded to the objections by

3

asserting that their testimony was "relevant."[3] The trial court sustained the State's objections to the proffered testimony. Golliday asserts on appeal that this character evidence, while generally inadmissible "to prove on a particular occasion [he] acted in accordance with the character or trait," was admissible as evidence of a "pertinent trait." Tex. R. Evid. 404(a)(1), (2)(A).

The State argues that Golliday did not preserve this error for our review because he failed to explain why his proffered character evidence was admissible in response to the State's objection. Indeed, Golliday did not respond to the State's objection that the proffered testimony was improper character evidence, focusing instead on his assertions that the evidence was relevant. Golliday's sole response to the State's objection based on rule 404(a)(1) was that the evidence was relevant to every issue before the jury, and he did not assert that the testimony was admissible character evidence under the evidentiary rules because it showed a pertinent trait.[4]

---

[3]In response to the State's first objection based on relevance, Golliday responded that "this is all showing that he's not the kind of person that would commit this crime." But in response to the State's objection based on the inadmissibility of character evidence, Golliday solely relied on the evidence's relevance to the issues before the jury.

[4]We recognize that this court has held in dictum that a defendant has no obligation to articulate an admissibility theory in response to an objection to the admission of defensive evidence because the defendant's offer of proof and the trial court's ruling were sufficient to preserve any error. *Turner v. State*, 413 S.W.3d 442, 450, 453 n.5 (Tex. App.—Fort Worth 2012, no pet.). The court of criminal appeals has since clearly held that a defendant must specifically articulate his admissibility theory in response to an objection to his proffered evidence. *See Golliday*, 560 S.W.3d at 670–71; *see also Reyna v. State*, 168 S.W.3d 173, 177, 179–80 (Tex. Crim. App. 2005).

*See* Tex. R. Evid. 401, 404(a)(2)(A). In short, he relied on rule 401, not rule 404(a)(2)(A), for admissibility, and the record does not reflect that the trial court understood Golliday's argument to be one based on a pertinent character trait under rule 404(a)(2)(A). *See* Tex. R. App. P. 33.1(a)(1)(A); *Golliday*, 560 S.W.3d at 670–71 & n.35. Golliday failed to preserve his admissibility argument based on rule 404(a)(2)(A). *See, e.g.*, *Golliday*, 560 S.W.3d at 669–71; *Smallwood v. State*, 471 S.W.3d 601, 614 (Tex. App.—Fort Worth 2015, pet. ref'd) (op. on reh'g); *Molina v. State*, 450 S.W.3d 540, 552 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Stewart v. State*, No. 05-96-00128-CR, 1997 WL 524154, at *3 (Tex. App.—Dallas Aug. 26, 1997, no pet.) (not designated for publication); *cf. Resendez v. State*, 306 S.W.3d 308, 313 (Tex. Crim. App. 2009) ("When the correct ground for exclusion was obvious to the judge and opposing counsel, no forfeiture results from a general or imprecise objection," but "when the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal.").

## III. DENIAL OF MISTRIAL

Golliday asserts that the State impermissibly and harmfully commented on his failure to testify during its closing jury argument by using rhetorical questions:

> [Betsy] had the courage to immediately go after her attacker. And they're going to sit here with a straight face and say that he was scared of her? Is that a serious argument? That if she doesn't go and cower in the corner in fear that she wasn't sexually assaulted?
>
> Thank God [Betsy] did what she did, because what did this Defendant do? And that is damaging evidence. Who did you call? That

is damaging powerful evidence. Why else would [Golliday] do that? We clearly know it's not out of fear for her. That's ludicrous. Why run? What is he doing? Why is he trying to get out of there so quickly?

Golliday objected to the questions as a comment on his failure to testify, which the trial court sustained. The trial court also contemporaneously instructed the jury to disregard the argument, but denied Golliday's request for a mistrial. Golliday posits that the trial court erred by denying his mistrial motion. For the purposes of this appeal, we assume, but expressly do not decide, that the State's argument was a comment on Golliday's failure to testify.[5]

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). The law presumes that a jury duly obeys a trial court's instruction to disregard. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). Thus, any resulting harm from an improper jury argument is generally cured by such an instruction, and there is no indication here that it was not. *See Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); *Williams v. State*, 417 S.W.3d 162, 175–76 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). Further, the trial court instructed in its charge that the jury could not consider Golliday's failure to testify to be "a circumstance against him." We conclude that it was not an abuse of discretion for the trial court to determine that the

---

[5]On appeal, the State cogently explains why the rhetorical questions were not a comment on Golliday's failure to testify which would belie any abuse-of-discretion argument. We do not reject the State's contention; we only determine that we need not decide the issue in this instance.

6

instruction to disregard and the jury-charge instruction cured any harm resulting from the State's argument. *See Moore v. State*, 999 S.W.2d 385, 405–06 (Tex. Crim. App. 1999); *Williams v. State*, No. 03-14-00427-CR, 2016 WL 3752562, at *3 (Tex. App.—Austin July 8, 2016, no pet.) (mem. op., not designated for publication).

## IV.  CUMULATIVE ERROR

Golliday argues in the alternative that even if none of his issues present reversible error, the "combined" errors' "cumulative effect" warrants reversal. "[W]e are aware of no authority holding that non-errors may in their cumulative effect cause error." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999); *see Jenkins v. State*, 493 S.W.3d 583, 613 (Tex. Crim. App. 2016).

## V.  CONCLUSION

As with his arguments directed to the trial court's limits on his cross-examination of Betsy and the SANE, Golliday did not preserve his appellate argument that his former girlfriends' testimony was admissible character evidence to show a pertinent trait.  The trial court did not abuse its discretion by denying Golliday's mistrial motion because any harm arising from the State's rhetorical questions during its jury argument was cured by the trial court's instruction to disregard and jury-charge instruction.  Finally, non-errors cannot be deemed cumulative error warranting reversal.  We overrule Golliday's remaining issues on remand and affirm the trial court's judgment.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 25, 2019