**MODIFIED IN PART AND AFFIRMED and Opinion Filed February 4, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01486-CR
No. 05-18-01487-CR
No. 05-18-01488-CR
No. 05-18-01489-CR
No. 05-18-01490-CR

**JONATHAN REYES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1830384-X, F-1830784-X, F-1660459-X, F-1660460-X, and F-1824882-X**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Jonathan Reyes challenges the sentences imposed following an adjudication of guilt for the offenses of theft of property valued at $2,500 or more but less than $30,000, two counts of aggravated robbery with a deadly weapon, and two counts of evading arrest using a motor vehicle. In three issues, Reyes contends the sentences imposed violate the Eighth Amendment's prohibition on cruel and unusual punishment, the court abused its discretion in sentencing Reyes to prison instead of probation, and the court erred in assessing duplicate court costs. In response, the State contends the sentences do not violate the Eighth Amendment and the trial court properly sentenced Reyes to prison, but Reyes has not preserved error on these issues.  The State agrees,   however,

that the trial court erroneously assessed duplicate costs. We sustain Reyes's issue regarding costs, modify the judgments accordingly, and affirm the trial court's judgments as modified.

## Background

On December 12, 2016, Reyes and Miguel Gonzalez approached Juan Cortez as he parked his Chevy Tahoe outside his apartment. Gonzalez pointed a handgun at Cortez and demanded the car keys. Cortez complied, and Reyes and Gonzales fled in Cortez's vehicle.

Police later received a report of shots fired from a Chevy Tahoe into an occupied vehicle. Officers initiated a traffic stop of the Tahoe, which matched the description of the reported vehicle. As officers approached the Tahoe, the driver sped off, leading the officers on a high-speed, twenty-mile chase. Officers witnessed a 9mm Ruger being thrown from the vehicle, and recovered a .25 caliber handgun from the driver after officers stopped the Tahoe. Reyes was the driver. Both Reyes and Gonzales admitted they had stolen the Tahoe from Cortez at gunpoint.

Reyes was indicted for aggravated robbery and evading arrest using a motor vehicle. Reyes pleaded guilty, and the trial court deferred adjudication and placed Reyes on community supervision for five years.

For the first six months of his deferred sentence, Reyes met with his probation officer monthly and passed two urinalysis tests. Reyes then stopped reporting, and on March 14, 2018, the State moved to revoke Reyes's probation and adjudicate guilt for violating the terms of his probation. Specifically, the State alleged Reyes had failed to report to the community supervision office, pay certain fees, participate in an anti-theft program, provide proof of attendance in a GED program, participate in outpatient substance abuse counseling, and attend the First Friday (first-time offender support) program. A warrant was issued for Reyes's arrest.

On April 9, 2018, police arrested Reyes and three juvenile accomplices for aggravated robbery of a Home Depot in Grand Prairie. Earlier that day, the four individuals had robbed

another Home Depot in Dallas and attempted to rob a Home Depot in Cedar Hill. Security at the Grand Prairie store received notice of the Dallas robbery, and Home Depot's protection specialist Mike Vassel watched the attempted robbery of the Cedar Hill store on streaming surveillance video. When a vehicle matching that used in the attempted Cedar Hill robbery arrived at the Grand Prairie store, Vassel contacted police.

The vehicle dropped off two juveniles at the front contractor entrance and then proceeded around to the rear of the store. The juveniles went through the store, putting various power tools into a shopping cart, and exited through a fire exit at the rear of the store. Vassel pursued. In the lot behind the store, one juvenile fought with Vassel as the other pushed the cart toward the waiting vehicle, driven by Reyes. One of the juveniles pulled a pistol from the driver's side of the vehicle and pointed it at Vassel, who discontinued the pursuit. The juveniles loaded the merchandise into the vehicle and fled in the vehicle just as police arrived.

Reyes then led police on a twenty-mile, high-speed chase. The chase proceeded on foot when the individuals left the vehicle after being stopped at a railroad crossing by a passing train. Officers continued to pursue and eventually apprehended all four individuals. Police recovered a gun and numerous boxes of power tools from the vehicle.

Reyes was indicted for aggravated robbery with a deadly weapon, theft of property valued at $2,500 or more but less than $30,000, and evading arrest using a motor vehicle. Reyes pleaded guilty to these charges and true to the State's grounds for revoking his probation. The trial court received Reyes's open plea, heard testimony on sentencing, revoked Reyes's probation, and sentenced Reyes to two years' confinement in jail for the theft, ten years' imprisonment on the second charge for evading arrest, twenty years' imprisonment on the second charge for aggravated robbery, ten years' imprisonment on the first charge for evading arrest, and twenty-five years'

imprisonment on the first charge for aggravated robbery. All the sentences are to run concurrently. This appeal followed.

## Analysis

In three issues, Reyes contends: (1) the sentences violate the Eighth Amendment's prohibition on cruel and unusual punishment; (2) the trial court abused its discretion in sentencing Reyes to prison instead of continued probation; and (3) the trial court erred in assessing duplicative costs. The State does not contest Reyes's third issue but contends that Reyes failed to preserve error on his first two issues.

In his first and second issues, Reyes contends that the sentences imposed were so excessive as to be cruel and unusual, and violative of the Texas Penal Code's rehabilitative objective because they exceed "normal deterrence efforts" when compared to similar offenses. The State contends that Reyes failed to preserve these objections for appellate review.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Richards v. State*, No. 05-14-00075-CR, 2017 WL 1075598, at *1 (Tex. App.—Dallas Mar. 21, 2017, no pet.) (mem. op., not designated for publication).

A specific objection is required to give the trial judge an opportunity to rule on the objection and to allow opposing counsel to remedy the error. *Clark*, 365 S.W.3d at 339. Thus, although  no

–4–

"'hyper-technical or formalistic use of words or phrases'" is required for an objection to preserve error, the objecting party must "'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark*, 365 S.W.3d at 339)).  Usually, a complaint that has not been explicitly stated will not meet this standard unless statements or actions on the record clearly indicate that the judge and opposing counsel understood the specific argument. *Clark*, 365 S.W.3d at 339; *Resendez v. State*, 306 S.W.3d 308, 315–16 (Tex. Crim. App. 2009). When the correct ground for an objection is obvious to the judge and opposing counsel, however, a general or imprecise objection does not forfeit error. *Clark*, 365 S.W.3d at 339. In determining whether a complaint on appeal comports with a complaint made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Id*.

Generally, constitutional errors are forfeited by failure to object at trial. *Id*. ("[I]f a party fails to properly object to constitutional errors at trial, these errors can be forfeited."); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009) ("[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). "[T]he trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Clark*, 365 S.W.3d at 340. The trial court must be "presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal." *Id*.

During closing argument at the sentencing hearing, Reyes's counsel argued for the trial court to continue Reyes's probated sentence.  Counsel noted mitigating factors, such as   Reyes's

alleged alcohol and drug addiction, to explain what the State characterized as Reyes's "complete disregard for probation." Counsel also acknowledged that the trial court had "many options available" for sentencing and attempted to deflect leadership of the Home Depot robbery from Reyes by highlighting Reyes's testimony that he only engaged in the final high-speed pursuit because he feared the juvenile with the gun was going to shoot him. Counsel conceded that the trial court might not continue Reyes's probation, stating, "*If* the Judge were to decide that probation with . . . any sort of treatment that was an in-custody treatment was appropriate, he does have that support system now." (emphasis added). The trial court pronounced its sentence on all five charges and asked Reyes's counsel, "Is there any reason in law why your client should not be sentenced?" Counsel responded, "No, Your Honor."

The record does not reflect that Reyes objected to the sentences, much less complained that they violated the Eighth Amendment prohibition on cruel and unusual punishment or that they were excessive in any way.[1] *See id.* Indeed, the record reflects only that Reyes offered a qualified argument to continue Reyes's probation, acknowledging that the court might not do so. Nothing in the record clearly indicates that the judge and opposing counsel understood the specific arguments that Reyes makes on appeal. *See id.* at 339. Accordingly, we overrule Reyes's first and second issues.

In his third issue, Reyes contends the trial court erred by assessing costs for each consolidated case, instead of assessing costs for each set of consolidated cases (i.e., each "criminal action"). Reyes asks us to modify the trial court's judgment to remove the court costs assessed on three of the cases and retain the court costs on the two offenses in the highest category. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073. The State does not contest Reyes's request.

---

[1] We further note that Reyes was sentenced within the statutory range of punishment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (Generally, "as long as a sentence is within the proper range of punishment it will not be disturbed on appeal"); *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd) (same).

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." *Id*. (a). "In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id*. (b).

The trial court assessed court costs in its judgment on each of the five cases at issue in this appeal. However, the two cases from 2016 were consolidated, as were the three cases from 2018. Thus, there were only two criminal actions. *See id*. (a). The trial court should have assessed court costs only to the cases involving the highest category of offense in each criminal action, the 2016 and 2018 aggravated robbery cases. *See id*. (b).

## Conclusion

On the record before us, Reyes did not preserve error on his arguments that the sentences imposed violated the Eighth Amendment and that the trial court abused its discretion in not continuing his probation. Thus, we overrule Reyes's first and second issues. We agree that the trial court improperly assessed court costs on three of the five cases at issue in this appeal. Accordingly, we sustain Reyes's third issue and modify the trial court's judgment on cases F-1830784-X, F-1660460-X, and F-1824882-X to remove court costs. As modified, we affirm the trial court's judgments.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP.P. 47.2(b).
181486F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN REYES, Appellant

No. 05-18-01486-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1830384-X.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN REYES, Appellant

No. 05-18-01487-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1830784-X.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Court Costs" is modified to show "$ N/A."

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of February, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN REYES, Appellant

No. 05-18-01488-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1660459-X.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN REYES, Appellant

No. 05-18-01489-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1660460-X.
Opinion delivered by Justice Partida-Kipness. Justices Bridges and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Court Costs" is modified to show "$ N/A."

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of February, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JONATHAN REYES, Appellant

No. 05-18-01490-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F-1824882-X.
Opinion delivered by Justice Partida-Kipness.
Justices Bridges and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Court Costs" is modified to show "$ N/A."

As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 4, 2020.