I. BACKGROUND
A. Facts
After a night out drinking at a local bar, the complainant returned home to the Depot Apartment Complex around midnight to change into pajamas and watch a movie. She continued to drink wine during the movie, and she described herself as intoxicated by this point in the night. She then stepped outside into the apartment hallway where some of her neighbors had gathered to smoke a cigarette, but she "needed to bum one" because she had run out. The complainant asked Appellant, who was in the group of people gathered in the hallway, to drive her to the 7-Eleven. Appellant obliged and drove the complainant to the store, where she bought cigarettes and possibly rented another movie.
When they returned to the apartment complex, the complainant invited Appellant inside to have a drink and watch a movie. Before long, they began kissing consensually. The complainant testified that Appellant began making further physical advances but that she asked him to stop. The complainant stated that Appellant persisted, and when she asked him to leave, he retorted, "I took you to the store." When the complainant told Appellant to leave her apartment, he grabbed her arms, turned her around, and pulled her pajama pants and panties off. The complainant testified: "I don't remember what I said. I just heard screaming in my head." She testified that Appellant held her down and raped her. After the assault, Appellant ran out the front door into the parking lot. The complainant put on her pajama pants, grabbed her phone, and followed Appellant into the parking lot where she called 911.
B. Trial and Proffered Testimony
Over the course of a relatively short trial, Appellant argued to the jury that the complainant's story was inconsistent, that the investigative work following the sexual assault was sloppy, and that the sexual encounter between Appellant and the complainant was consensual. Outside the presence of the jury, Appellant questioned the complainant about statements she had made to Jill Zutek, the SANE nurse. Appellant attempted to introduce these statements, which included the following:
• The complainant told treatment providers that she had not "accepted the fact that she was raped;"
• The complainant said she was a "love addict," that she had conveyed to a therapist that she had learned how to manipulate men, and that she considered herself to be a "giant problem" to everyone;
• The complainant had previously accused a friend's husband of assaulting her, but the charges were dropped;
• The complainant had herpes; and
• The complainant was mixing Zoloft with alcohol on the night in question and was prescribed Xanax during treatment for a panic attack.
When Appellant finished questioning the complainant, the State objected to the introduction of the testimony as irrelevant hearsay. The following exchange occurred:
Defense counsel: Judge, we would submit that all of this testimony is relevant and should come before the jury *667 so the jury can get the whole picture of the situation. So we're offering-we'd like to ask these questions in front of the jury.
The State: Your Honor, we'd object as hearsay. Also, it is not relevant to anything related to the arguments in this case. Also, it should not be admissible under 404. Argue none of it should be admissible.
The Court: Sorry. I didn't hear that last part.
The State: Under 404, it should not be admissible. And also, additionally, I stated-I believe it's hearsay and not relevant.
...
The Court: I sustain the objection.
After Appellant cross-examined the complainant, the State called Zutek, who testified about C.W.'s treatment after the assault. On cross-examination, Appellant argued that the State had opened the door to C.W.'s medical history by asking Zutek about C.W.'s treatment and sought to elicit testimony about (1) whether C.W. had taken Xanax and Zoloft, (2) the possible effect of mixing those prescriptions with alcohol, and (3) C.W.'s statements about suffering from anxiety and herpes. The State objected to this testimony on the grounds that it was irrelevant and that Zutek was not qualified as a medical expert to answer questions about the biochemical effects of mixing alcohol with prescription pills. The trial court permitted Appellant to make a proffer of his desired testimony, and it sustained the State's objections.
After the State rested, Appellant delivered his opening statement:
And what I want to submit to you, as many of us remember, there's a fellow named Paul Harvey. He used to say, "Now the rest of the story." And that's where we're going. And we intend to prove to you ... that this was not a thorough investigation, that shortcuts were made ... there are gaps in this case.
The jury ultimately convicted Appellant of the offense and assessed his punishment at two years' confinement, recommending that the imposition of the sentence be suspended and that Appellant be placed on community supervision.
II. APPEAL
On appeal, Appellant argued that the trial court erred by limiting his cross-examination of C.W. and Zutek in violation of his constitutional rights to due process and confrontation. In addition, Appellant argued that the State had improperly commented on his silence to the jury, that the trial court had erred in sustaining an objection to proffered character evidence, and that the cumulative effect of trial errors prevented him from presenting his defense. The State responded that C.W.'s testimony was properly excluded and that, in any event, Appellant had forfeited his constitutional claims by failing to specifically articulate a constitutional basis for admitting the evidence. The State cited to our decision in Reyna ,[1] among other cases, in support of its claim that error was not preserved. In its original panel opinion reversing Appellant's conviction, the court of appeals relied on Texas Rule of Evidence 103 and our decision in Holmes[2] in determining that Appellant preserved his constitutional complaints for appeal.[3] The *668 court of appeals decided that "the trial court effectively deprived Appellant of his constitutional rights to due process, to confront his accusers, and to offer a defense."[4] The court did not mention Reyna in its analysis.[5] Chief Justice Livingston dissented without a written opinion.[6] The court of appeals did not reach Appellant's three remaining points of appeal because it found resolution of the first two points dispositive.[7]
The State filed a motion for rehearing en banc. The State argued in greater detail that Reyna , an error-preservation case that dealt with the exclusion of proffered testimony, was directly on-point authority that precluded review of Appellant's constitutional complaints. In a 5-4 decision,[8] the en banc majority held that "the trial court effectively deprived Appellant of his constitutional rights to due process, to confront his accusers, and to offer a defense."[9] In doing so, the court of appeals reasoned that the State "confuse[d] the requirements for preserving a complaint that evidence was improperly excluded with the requirements for preserving a complaint that evidence was improperly admitted."[10] Like the panel opinion, the en banc opinion did not mention Reyna in its analysis.[11] It likewise relied on our holding in Holmes in determining that no "objection" was necessary and that "Appellant did exactly what he was supposed to do."[12] The en banc majority further held that Appellant effectively communicated to the trial court that the complained-of rulings denied him the right to present his defense.[13]
Chief Justice Livingston issued a dissenting opinion, joined by three other justices. The dissent would have held that Appellant forfeited his constitutional arguments on appeal because he did not present them at trial.[14] The dissent also expressed puzzlement at the fact that the majority did not acknowledge the rule set forth in Reyna .[15]
III. ANALYSIS
A. Preservation Requirements
The court of appeals relied on Texas Rule of Evidence 103 in concluding that Appellant did not need to make a constitutional "objection" at trial. Rule 103 details how to properly make an offer of proof to excluded testimony at trial. It is entirely separate from Texas Rule of Appellate Procedure 33.1, which imposes the requirement *669 of making a specific request, objection, or motion to preserve error on appeal.[16]
We addressed this very issue in Reyna , a case that is factually similar and legally indistinguishable from the present case.[17] Reyna was charged with indecency with a child.[18] At trial, after the State examined the victim, Reyna sought to introduce evidence of the victim's prior false allegation of sexual assault and her recantation of that allegation in an effort to impeach the victim's credibility.[19] The trial court sustained the State's objection to Reyna's proffered testimony.[20] Reyna did not argue that the Confrontation Clause demanded admission of the excluded evidence, and we held that he had not preserved that claim for appellate review.[21]
We reasoned that, although Reyna made an offer of proof describing the excluded testimony, he did not clearly articulate an argument that the Confrontation Clause demanded admission of the evidence and thus failed to preserve constitutional claims for appeal.[22] Although Reyna had satisfied the requirements of Rule 103, he had not met the error-preservation requirements of Rule 33.1.[23] We further discussed how Rule 103 and Rule 33.1 operate together with regard to error preservation:
[B]oth Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 are judge-protecting rules of error preservation. The basic principle of both rules is that of party responsibility. We recognized that the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise application to the evidence in question. The issue ... is not whether the trial court's ruling is legally correct in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal.[24]
As was the case in Reyna , Appellant was responsible for preserving the error he sought to raise on appeal by specifically articulating the legal basis for his proffer at trial.[25]
The court of appeals's reliance on Holmes is misplaced. In Holmes , we discussed the "distinction between the general rule in Rule 103(a)(2) and the case in which the defendant is not permitted to question a State's witness about matters *670 that might affect the witness's credibility."[26] Holmes addressed eight consolidated DWI cases and the defendants' attempts at trial to cross-examine the State's expert witness regarding the Intoxilyzer 5000, a machine that measured blood-alcohol content.[27] In Holmes , the trial court denied the defendants' requests to question the State's expert, and all defendants subsequently entered into plea agreements.[28] We compared the substance of the eight defendants' offers of proof and determined that, while one defendant's unperfected bill of exception was inadequate to preserve error under Rule 103(a)(2), the remaining seven proffers (which included detailed questions in the form of a written motion) properly informed the trial court about the substance of the proffered testimony sufficiently to preserve any error.[29] Holmes is essentially about how detailed an offer of proof must be to satisfy the rules of evidence; it did not address whether the legal basis for admitting the evidence was adequately articulate at trial. Holmes does nothing to obviate a party's need to specify a legal basis for his request to preserve error for appeal, nor does it abrogate, or conflict with, the rule pronounced in Reyna .[30]
B. Appellant's Offer of Proof Did Not Convey a Constitutional Basis for Admission
Although the court of appeals concluded that Appellant did not need to articulate a legal basis to preserve his claims, it nevertheless found that he "effectively communicated to the trial court that the complained-of rulings denied him the right to present his defense and prevented him from telling the jury 'the rest of the story' so they 'could get the whole picture.' "[31] We disagree. While no "hyper-technical or formalistic use of words or phrases" is required in order to preserve error, the proffering party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it."[32] Nothing in the record indicates that Appellant properly put the trial judge on notice that he was making a Confrontation Clause argument in support of admitting the excluded evidence. Parties are not permitted to "bootstrap a constitutional issue from the most innocuous trial objection," and trial courts must be presented with and have the chance to rule on the specific constitutional basis for admission because it can have such heavy implications on appeal.[33]
As discussed above, Reyna confirms the rule that in order to preserve an argument that the exclusion of defensive evidence violates constitutional principles, a defendant must state the grounds for the ruling that he seeks with sufficient specificity *671 to make the court aware of the these grounds.[34] That did not happen in this case. When Appellant was making his offer of proof, the exchange between the parties and the trial court contained dialogue about hearsay and relevance. Appellant apparently sought to admit the testimony on relevancy grounds, but he never raised a constitutional argument for admitting the evidence. Appellant did not cite to any constitutional provisions or to any cases involving the Confrontation Clause. One lesson from Reyna is that general arguments about hearsay do not put the trial judge on notice that Appellant is making a constitutional argument, let alone a Confrontation Clause argument. In line with that principle, we find here that a general appeal to a proffer's relevance, or a broad expression that the jury needs to "get the whole picture of the situation," does not adequately articulate a constitutional basis sufficient to preserve the argument for appellate review.[35]
IV. CONCLUSION
Appellant did not clearly articulate a constitutional basis supporting the admission of the excluded evidence at trial. Consequently, he did not preserve a constitutional claim for appeal. Accordingly, we reverse the judgment of the court of appeals and remand to the court of appeals for consideration of Appellant's remaining points of error.

Reyna v. State , 168 S.W.3d 173 (Tex. Crim. App. 2005).

Holmes v. State , 323 S.W.3d 163 (Tex. Crim. App. 2009).

Golliday v. State , 551 S.W.3d 193, 199 (Tex. App-Fort Worth 2016) (not designated for publication) ("When evidence is improperly admitted, objection is required to preserve the complaint. When evidence is improperly excluded, no objection is required, but a proper offer of proof is required.").

Id. at 205.

See ids="12656968" index="4" url="https://cite.case.law/sw3d/551/193/#p199">id. at 202.

Id. at 206.

Id.

The en banc court of appeals included all seven members of the court and two senior Justices.

Golliday v. State , 551 S.W.3d 193, 205 (Tex. App.-Fort Worth 2017).

Id. at 198.

Id.case-ids="12656968" index="9" url="https://cite.case.law/sw3d/551/193/#p199"> at 198-200.

Id. at 199 (citing Holmes , 323 S.W.3d at 168 ) ).

Id. at 199-200.

Id.case-ids="7322012" index="13" url="https://cite.case.law/sw3d/323/163/"> at 208-09 (Livingston, C.J., dissenting) ("[T]he majority appears to conclude that because appellant was the proponent of the excluded evidence, he needed only make an offer of proof, which served the purpose of informing the trial court what he wanted to introduce, and needed not provide constitutional grounds for the admission of the evidence, which would have informed the trial court why he wanted to introduce it.").

Id. at 210-11 (Livingston, C.J., dissenting).

To preserve error for review, a party must make a timely request, objection, or motion and state the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1.

Reyna , 168 S.W.3d 173.

Id. at 174-75.

Id.

Id. at 175.

Id.case-ids="8934647" index="19" url="https://cite.case.law/sw3d/168/173/"> at 180.

Id. at 179-80.

Id. at 177 ("The basis for party responsibility is, among other things, Appellate Rule 33.1. It provides that as a prerequisite to presenting a complaint for appellate review, the record must show that the party 'stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint.' ").

Id. (citing Martinez v. State , 91 S.W.3d 331, 335 (Tex. Crim. App. 2002) ).

Id. at 179 ("Although this case involves a proffer of evidence rather than an objection, the same rationale applies.").

Holmes , 323 S.W.3d at 168 (citing Virts v. State , 739 S.W.2d 25, 29 (Tex. Crim. App. 1987) ).

Id. at 170-71.

Id.case-ids="9960476" index="27" url="https://cite.case.law/sw2d/739/25/#p29"> at 166-67.

Id. at 166-67, 171.

Any discussion of Texas Rule of Appellate Procedure 33.1 is conspicuously absent from Holmes . See ids="9960476" index="29" url="https://cite.case.law/sw2d/739/25/#p29">id. ,passim .

Golliday , 551 S.W.3d at 200.

Clark v. State , 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (citing Pena v. State , 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ). See also Tex. R. App. P. 33.1.

Clark , supra at 340.

Reyna , 168 S.W.3d at 177 ("[I]t is not enough to tell the judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.") (emphasis added).

See Reyna , 168 S.W.3d at 175 ; Clark , 365 S.W.3d at 340 ("The badgering, sidebar, argumentative, invading the province of the jury, and mischaracterization objections are not so clearly connected to constitutional protections that they can be assumed to be due-process objections."). The "rest of the story" comment on which the court of appeals relied to determine Appellant preserved error was not made during Appellant's attempt to introduce the excluded testimony. It was made during opening statement to the jury, after the testimony had been excluded and the after the State rested. See Golliday , 551 S.W.3d at 210 n. 4 (Livingston, C.J. dissenting).