

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00195-CR

———————————————

CRYSTAL LONDON, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1494767

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Crystal London appeals from her conviction for misdemeanor assault causing bodily injury to a family member. In two issues, she argues that the evidence was insufficient to show that she intentionally or knowingly committed the offense and that the trial court abused its discretion by excluding evidence of the complainant's prior criminal record. Because we find sufficient evidence to support the culpable mental states of intentional or knowing and because the trial court did not abuse its discretion by excluding the proffered evidence, we affirm the trial court's judgment.

## I. BACKGROUND

London and her husband, David Henson,[1] were having an argument, which London admitted she started. London threw Henson's cell phone at him from less than two feet away, hitting him in the eye. London later admitted she had thrown the phone at Henson's face. Henson pushed London away. London came back toward Henson and hit him in the face with her fists several times. Henson turned his back on London, not wanting to fight any more; London got about six inches from his face, "screaming and yelling," and "bit down on [his] nose." Henson again pushed her away and left the room. Henson realized he had left his car keys in the room and he went back in. Henson thought the keys would be in London's purse, so he picked

---

[1]We use a fictitious name to refer to the complainant. *See* Tex. R. App. P. 9.8 cmt.; Tex. App. (Fort Worth) Loc. R. 7.

up her purse to look for them. London started hitting Henson again, and because London was blocking his exit, he "shoved her away enough to . . . get out of the door." After he left, Henson called some of his friends, who told him he needed to call the police. Although initially reluctant to call the police, he called them after again unsuccessfully trying to get his keys, after which "everything started back up." The entire episode lasted approximately three hours.

London was charged by information with the intentional or knowing assault of Henson, causing bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(1). The information contained an enhancement paragraph alleging that in 2008 London had been convicted of misdemeanor assault causing bodily injury. *See id.* § 12.43. A jury found London guilty of the charged offense; the trial court found the enhancement paragraph true[2] and sentenced her to 180 days' confinement. London filed a motion for new trial, arguing that the evidence was insufficient to support her conviction, which was deemed denied. *See* Tex. R. App. P. 21.3(h), 21.8(c).

## II. EVIDENCE OF CHARGED CULPABLE MENTAL STATES

In her first issue on appeal, London argues that the evidence was insufficient to support the jury's finding that she intentionally or knowingly committed assault causing bodily injury to a family member because she testified that she merely tossed Henson's phone at him and because the fight was mutual. In our sufficiency review,

---

[2]London pleaded true to the enhancement paragraph.

3

we look at all the evidence in the light most favorable to the verdict and must defer to the jury's implicit resolutions of weight and credibility determinations. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). We determine whether any necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in a favorable light. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We must presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448–49; *see Laster v. State*, 275 S.W.3d 512, 524–25 (Tex. Crim. App. 2009) (holding defendant's intent may be discerned from surrounding circumstances).

London is correct that her testimony revealed a different version of the assault that the jury could have found was not intentional or knowing. But other evidence in the record, specifically Henson's testimony, showed that London at the very least knowingly threw the phone at his eye, bit his nose, and hit him with her fists. Pictures of Henson taken the same day as the assault showed several visible injuries to his face, including a wound to his nose that was consistent with a bite mark. The cumulative force of the evidence, viewed in the light most favorable to the jury's verdict, was sufficient to support the jury's finding of guilt. *See, e.g.*, *Mora v. State*, No. 11-17-00099-CR, 2019 WL 1189223, at *3 (Tex. App.—Eastland Mar. 14, 2019, no pet. h.) (mem. op., not designated for publication); *Mitchell v. State*, 546 S.W.3d 780, 787 (Tex.

4

App.—Houston [1st Dist.] 2018, no pet.); *In re D.A.K.*, 536 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Parker v. State*, 489 S.W.3d 609, 613 (Tex. App.—Texarkana 2016, no pet.). *See generally Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) ("Direct evidence of the requisite intent is not required, however."). We overrule issue one.

### III. EXCLUSION OF EVIDENCE

In her second issue, London contends that the trial court abused its discretion by excluding her proffered evidence of Henson's prior criminal record to explain why Henson was initially reluctant to call the police. During the State's direct examination of Henson, he testified that he did not immediately call the police because he did not want to get London in trouble and he was afraid the police would not believe him because he was physically larger than London. During London's cross-examination, Henson again testified that he believed the differences in their physical sizes would cause the police to think he was the perpetrator. Outside the presence of the jury, London asked the trial court to allow her to admit evidence of Henson's prior deferred adjudication community supervision to show why Henson did not want to contact the police: "[H]e may have been in violation of his probation" or been arrested again. The State argued that the door had not been opened through its earlier questions about the delay; that the evidence was not relevant; and that it was "overly prejudicial, misleading to the jury, and [was] not proper impeachment." London then questioned Henson in an offer of proof, still outside the jury's presence, and elicited

5

his testimony that he was on deferred adjudication community supervision at the time of the assault for "[i]mproper photos" of London's daughter and that this status was a factor "[l]ater on" in his decision to delay calling the police. But the "first thing" for Henson regarding his decision was "the size comparison." Henson also testified that he was intent on getting his keys from London because he was due at a community-supervision class and that if he missed, he would be in violation of his community-supervision terms.

London then argued that the State had opened the door to Henson's criminal history "[b]y asking about why [Henson] did not call the police initially." The State responded that the door was not opened because Henson merely testified that he "wanted to avoid the situation" and that the evidence "would be incredibly prejudicial." The trial court excluded the proffered evidence and granted London a running objection to the exclusion. We review this exclusion for an abuse of discretion—whether it was so clearly wrong that the exclusion fell outside the zone of reasonable disagreement. *See Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016).

London's admissibility argument to the trial court only asserted that she was entitled to correct the false impression that Henson's only motivations for delaying calling the police were a desire to keep London out of trouble and his fear the police

6

would blame him for the attack.[3]  *See* Tex. R. Evid. 107 ("An adverse party may also introduce any other act, declaration, conversation, writing, or recorded statement that is necessary to explain or allow the trier of fact to fully understand the part offered by the opponent.").  Although Rule 107 is a rule of admissibility, such evidence is subject to exclusion if its probative value is substantially outweighed by its prejudicial effect.  *See* Tex. R. Evid. 403; *Walters v. State*, 247 S.W.3d 204, 217–18 (Tex. Crim. App. 2007); *Fuentes v. State*, 991 S.W.2d 267, 279–80 (Tex. Crim. App. 1999).

The State expressly argued to the trial court that the evidence was unfairly prejudicial and thus inadmissible.  To be sure, there was little probative value to the admission of Henson's prior deferred adjudication community supervision to the elements of the charged offense.  London admitted that the excluded testimony would have provided only an "alternate reason" for Henson's delay, which was not an element of the offense the State was required to prove.  *Cf. Fuentes*, 991 S.W.2d at 280 ("While there was some suggestion in testimony offered by appellant that Tate was looking for trouble that night, this point was never clearly made and its relevance not shown."); *Whipple v. State*, 281 S.W.3d 482, 500 (Tex. App.—El Paso 2008, pet. ref'd) ("Rule 107 does not permit the introduction of other similar, but inadmissible, evidence unless it is necessary to explain properly admitted evidence.").  And the

---

[3]To the extent London relies on any other admissibility theory, those arguments were not preserved for our review.  *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018).

excluded evidence would have been unfairly prejudicial, suggesting a decision on an improper basis, and accordingly was subject to exclusion notwithstanding rule 107.[4] *See, e.g.*, *Arebalo v. State*, 143 S.W.3d 402, 408–09 (Tex. App.—Austin 2004, pet. ref'd). Thus, even if the door were opened by the State's questioning, the danger of unfair prejudice would shut it. We conclude that the trial court did not abuse its discretion by excluding the evidence.[5] And if we were to conclude that the exclusion was an abuse of discretion, we would be constrained to hold that the exclusion did not affect London's substantial rights and, thus, did not harm her. *See* Tex. R. App. P. 44.2(b); *Arebalo*, 143 S.W.3d at 409–12. For all of these reasons, we overrule issue two.

## IV. CONCLUSION

The evidence supported the jury's verdict that London's conduct was intentional or knowing. The trial court did not abuse its discretion by excluding

---

[4]The trial court could have reasonably concluded that London's need for the evidence was weak, the evidence did not serve to make the existence of a fact of consequence more or less probable, the evidence had a tendency to confuse or distract the jury from the issues they were to decide, and the evidence could have been given undue weight by a jury ill-equipped to assess its probative value. *See* *Gonzalez v. State*, 544 S.W.3d 363, 372–73 (Tex. Crim. App. 2018) (applying *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)). Even though the presentation of this evidence would not have taken an inordinate amount of time, the unfair-prejudice factors reasonably weighed in favor of exclusion. *See id.* at 373.

[5]We need not address London's appellate argument that the trial court erred by failing to conduct the rule 403 balancing test on the record because she did not request such a balancing test and because the trial court was not required to conduct the test on the record. *See Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd).

evidence that was highly prejudicial even though proffered under the rule of optional completeness.  We affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 23, 2019