

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME ALBERT PRIMERA, | § | No. 08-19-00135-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th Judicial District Court |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| Appellee. | § | (TC# P-3845-112-CR) |

**O P I N I O N**

A jury convicted Appellant, Jaime Albert Primera, of possession with intent to deliver a controlled substance, enhanced for a prior felony drug conviction, and sentenced him to 70 years' imprisonment. On appeal, he challenges: (1) whether Texas Rule of Evidence 609 rendered evidence of two prior felony drug convictions inadmissible at trial; and (2) whether the trial court intimidated him into not testifying by discussing the hypothetical possibility that another drug possession charge could be used to impeach Appellant if he testified. Because we conclude that the issues as raised on appeal were not preserved below, we affirm the trial court's judgment.

1

# I. BACKGROUND

A grand jury indicted Appellant for possession with intent to deliver more than four but less than 200 grams of methamphetamine, enhanced to a first-degree felony because he was previously convicted in 2011 of felony possession of a controlled substance. The State filed a pretrial notice of intent to offer evidence of numerous extraneous crimes and acts, which included two felony convictions for possession of a controlled substance: (1) a 2008 conviction, and (2) the 2011 conviction alleged in the enhancement paragraph of the indictment. Appellant filed a written motion in limine requesting the trial court conduct a "relevancy" hearing before admitting extraneous offense evidence to determine, among other factors, "whether the probative value of the evidence is outweighed by danger of unfair prejudice and confusion of the issue." Appellant's motion did not cite to any Texas Rule of Evidence or legal authority.

## A. Trial Proceedings

The evidence at trial showed that, after midnight in December 2017, Texas Highway Patrol Sergeant Michael Jones and Trooper Oswaldo Tejeda conducted a traffic stop of a vehicle operated by Juan Granada for defective brake lights. Appellant was a passenger in the car. Upon contact, Granada did not have a driver's license, did not recall his social security number, and he provided an incorrect date of birth and middle name to law enforcement. Sergeant Jones subsequently arrested Granada on an outstanding warrant and for charges arising from the traffic stop.

The DPS officers also grew suspicious of Appellant because his and Granada's stories conflicted. Granada told Sergeant Jones that he was returning from doing laundry and stopped the vehicle in his girlfriend's driveway, although Granada did not know his girlfriend's last name. Conversely, Appellant stated the men were checking on Appellant's father, who was sick with diabetes. Appellant's voice trembled and he did not make eye contact as he spoke to Trooper

2

Tejeda.  Appellant's hands tremored so badly that he had difficulty removing his driver's license from his wallet.  Appellant and Granada only knew the other's first name, although they reported to be friends.  Appellant also had two or three cellular phones on his person, which, based upon Sergeant Jones' training and experience, was consistent with someone who deals drugs.

During a consensual search, Trooper Tejeda discovered a plastic baggie in Appellant's left jacket pocket that contained 18 smaller baggies filled with a crystal-like substance.  Appellant stated the sweater-like jacket that he was wearing was not his, and he did not know the baggie was in the pocket.  Sergeant Jones believed that the baggies contained crystal methamphetamine packaged for distribution, based upon his training and experience in dealing with substances of similar appearance on numerous occasions.  Trooper Tejeda concluded that Appellant was selling the drugs because Appellant possessed no paraphernalia that would indicate he personally used the substances.

Sergeant Jones arrested Appellant.  Trooper Tejeda performed an inventory search of the vehicle and discovered another small baggie of suspected methamphetamine in the passenger seat, ready for delivery.  The State played a dash cam video of the traffic stop for the jury.  A Texas Department of Public Safety Crime Laboratory forensic scientist analyzed a sample of the crystal substance found in the baggies and determined that it contained more than 4 grams of a substance containing methamphetamine.

At issue in this appeal are two prior felony convictions for possession of a controlled substance introduced into evidence during the guilt-innocence phase of the trial. The State offered these to rebut Appellant's claim to the officers that he did not know there were  drugs in the jacket he was wearing.  That is, the prior convictions undermined his lack of knowledge claim.  His trial strategy had advanced that same claim.  During voir dire, defense counsel discussed the criminal

element of knowledge, asking if the venire agreed that a woman did not have knowledge of the contents of a stranger's car she was inside, or a purse she accidentally picked up that looked identical to hers. In opening statement, trial counsel indicated the State must prove knowledge, and referenced the voir dire discussion regarding "pick[ing] up a purse and you don't know what's in it and you get caught with what's in there," or "walking out of a restroom and you got toilet paper o[n] your shoe." Counsel also stated that this was not Appellant's "first time in trouble," but asked the jury not to "judge a book by its cover."

After the State rested, the defense called its only witness, Appellant's aunt, who testified that she gave Appellant the sweater-like jacket three days before his arrest. The jacket belonged to her deceased brother, and she found the jacket in her mother's closet.

## B. The Jury Charge and Verdict

The trial court instructed the jury that Appellant's failure to testify "shall not be taken as a circumstance against him," and it may not consider this as a factor in deliberations. The court also instructed the jury it may not consider evidence that Appellant committed an offense other than that charged in the indictment for any purpose unless it finds beyond a reasonable doubt that Appellant committed the offense; and even then, the jury may only consider the other offense in determining Appellant's knowledge and intent in connection with the instant offense charged in the indictment.

The jury found Appellant guilty and in the punishment phase, he pleaded true to the enhancement paragraph of the indictment that alleged he was convicted in 2011 of felony possession of a controlled substance. Following his conviction, Appellant brings three issues for our review, the first two of which challenge the admission of the prior convictions during the guilt-innocence phase of the trial.

4

## II. ADMISSIBILITY OF PRIOR CONVICTIONS

Appellant first argues that the trial court should not have admitted evidence of his two prior felony convictions for possession of a controlled substance because the judgments were inadmissible under Texas Rule of Evidence 609.[1] He acknowledges that the trial court performed a Rule 403 analysis and the extraneous offense evidence may have been admissible under Rule 404(b).[2] However, Appellant maintains that neither the trial court nor the State supported the introduction of the evidence under Rule 609, and the trial court could have admitted the less prejudicial evidence of a 2018 arrest rather than evidence of these convictions.

While the State asserts that the issue fails on the merits, it also points out that Appellant did not object to the trial court that evidence of the prior convictions was inadmissible under Rule 609.[3] Based upon the record before us, we conclude that Appellant did not preserve the issue for review because he did not present the complaint to the trial court that he now raises on appeal.

### A. Background

When the two prior convictions were offered and admitted, Appellant's objection and his discussion with the trial court all focused on Texas Rules of Evidence 403 and 404(b).

During the State's case-in-chief, the State asked the trial court outside the presence of the jury for permission to introduce extraneous offense evidence pursuant to Texas Rule of Evidence

---

[1] Texas Rule of Evidence 609 provides that "[e]vidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if: (1) the crime was a felony or involved moral turpitude, regardless of punishment; (2) the probative value of the evidence outweighs its prejudicial effect to a party; and (3) it is elicited from the witness or established by public record. TEX.R.EVID. 609(a).

[2] Texas Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX.R.EVID. 404(b)(1). The rule permits evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX.R.EVID.404 (b)(2).

[3] Appellant did not file a reply brief to respond to the State's argument that the issue was not preserved.

404(b), because Appellant raised the issues of mistake, lack of intent, and that he did not know drugs were in the jacket. The State also argued that Appellant raised the issue of his prior convictions when defense counsel suggested to the jury that a person's prior arrest does not "necessarily mean they're doing it this time." The trial court agreed that the dash cam video depicted Appellant telling law enforcement that he did not know about the drugs in the jacket, and defense counsel attempted to establish through cross-examination of law enforcement that Appellant could not have known about the drugs. During this first discussion of the matter, the trial court advised that if Appellant continued to "beat that drum" of "I didn't know I had it," the State would be permitted to counter and introduce Rule 404(b) extraneous offenses. The trial court put Appellant "on notice" that "[i]t's going to come in at some point during the guilt-innocence, it appears, from what's being developed," although "[w]here and when is still subject to debate."

During a later jury-out hearing, the State again requested to introduce extraneous offense evidence to show Appellant's knowledge and intent in the instant case, because his theory of defense was lack of knowledge. The State specifically intended to introduce evidence of the 2008 and 2011 felony convictions for possession of a controlled substance, and a 2018 arrest for possession of a controlled substance with intent to deliver. Defense counsel responded that the evidence was not admissible because Appellant did not introduce the affirmative defenses of mistake of fact or law.

After the trial court stated that it was analyzing admissibility of the extraneous offenses under Texas Rules of Evidence 403 and 404(b), the following exchange occurred:

> [Defense Counsel]: That's what my focus is. Now then, once our client gets on the witness stand, anything he has done in the past is fair game.
>
> [The Court]: Sure.
>
> [Defense Counsel]: He hasn't testified.

6

[The Court]: I understand--

[Defense Counsel]: [The State] is attempting to admit his prior convictions or arrests before our client has had a chance to testify. It's improper and inappropriate for [it] to do that at this time. In order for that to happen, this man needs to get on the witness stand; and on cross-examination, the door is wide open for [the State] to bring every officer [it] wants to come in to this courtroom on 404(b). But until that happens, we haven't opened the door on mistake of fact, mistake of law.

The trial court thereafter completed a Rule 403 analysis and ruled that the State could present evidence of Appellant's prior felony convictions for possession of a controlled substance so long as the State demonstrated that the judgments were final. The court stated that it needed to hear more evidence before ruling on the admissibility of evidence of Appellant's 2018 arrest.

The State then offered, and trial court admitted, Appellant's 2008 and 2011 felony convictions for possession of a controlled substance. Defense counsel raised no new objections, and the trial court admitted the evidence for the limited purpose of knowledge.[4] As noted, Appellant's issues on appeal are limited to whether the convictions would be admissible under Rule 609.

### B. Error Preservation

"The burden of preserving error for appellate review rests on the party challenging the trial court's ruling." *Spielbauer v. State*, No. PD-0245-20, 2021 WL 1845809 at *4 (Tex.Crim.App. May 5, 2021), *citing* TEX.R.APP.P. 33.1;[5] *see Dixon v. State*, 595 S.W.3d 216, 223 (Tex.Crim.App.

---

[4] Before the State introduced the two prior judgments of conviction, the trial court instructed the jury that:

the State intends to introduce evidence of extraneous bad acts other--other than the one charged against defendant in this case. You are instructed that you cannot consider it for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other act, if any, and then you can only consider it for its bearing on relevant matter, including the element of knowledge in this case.

[5] Texas Rule of Appellate Procedure 33.1 provides in pertinent part that:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

7

2020) (instructing that the appealing party has the burden to produce a record showing that error was preserved). Preservation of error requires a timely, specific, objection. *See Dixon*, 595 S.W.3d at 223, *citing* TEX.R.APP.P. 33.1(a)(1)(A). The complaining party must also obtain a ruling on the objection, or object to the trial court's refusal to rule.[6] *See Dixon*, 595 S.W.3d at 223. A Rule 33.1 analysis does not consider whether the appealing party is the State or defendant but concerns only whether the "complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal." *Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002).

In *Spielbauer v. State*, the Court of Criminal Appeals instructed that "[a] court of appeals may not reverse a conviction without first addressing preservation." *Spielbauer*, 2021 WL 1845809, at *4; *see Dixon*, 595 S.W.3d at 223 (explaining that "preservation of error is a systemic

---

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

> (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and . . .

(2) the trial court:

> (A) ruled on the request, objection, or motion, either expressly or implicitly; or

> (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP.P. 33.1(a)(1)(A), (2).

[6] The Court of Criminal Appeals explained:

> We have previously recognized two general policies for requiring specific objections. "First, a specific objection is required to inform the trial judge of the basis of the objection an afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony." Stated more broadly, objections promote the prevention and correction of errors. When valid objections are timely made and sustained, the parties may have a lawful trial. They, and the judicial system are not burdened by appeal and retrial. When a party is excused from the requirement of objecting, the results are the opposite.

*Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002), *quoting Saldano v. State*, 70 S.W.3d 873, 887 (Tex.Crim.App. 2002) (en banc) (footnote omitted).

requirement that a first-tier appellate court is obligated to address before reversing a conviction"). The court emphasized the "judge protecting" rationale for the preservation rules, which operate to protect the trial court's judgment from reversal based upon arguments never heard by the trial court. *See Spielbauer*, 2021 WL 1845809 at *4-5, (noting that the preservation burden "prevent[s] blindside attacks on the trial court's rulings").

Although hyper-technical words are not required to preserve error, *Golliday v. State*, 560 S.W.3d 664, 670 (Tex.Crim.App. 2018), the Court of Criminal Appeals has applied Rule 33.1's preservation duty to the Rules of Evidence. In *Allen v. State*, the court concluded that a capital defendant did not preserve his claims that Rule of Evidence 404 precluded evidence that the victim was sexually assaulted when he objected under Rules 401 and 403 at trial. *See* 108 S.W.3d 281, 283 (Tex.Crim.App. 2003) (en banc). Likewise, in *Cook v. State*, the court concluded that a defendant did not preserve claims that the trial court improperly admitted hearsay testimony because he objected under Rule of Evidence 405 at trial. *See* 858 S.W.2d 467, 474 (Tex.Crim.App. 1993) (en banc). The court noted that the trial court did not have the opportunity to rule on the theory, and the State had no opportunity to remove the objection or supply other testimony. *See id.* (explaining that, because of these factors, nothing was presented for appellate review).

## C. The Trial Court was not Presented with a Rule 609

Appellant did not clearly convey to the trial court the precise and proper application of why Rule 609 rendered evidence of the two prior felony convictions inadmissible, including the underlying rationale. Appellant's written motion in limine did not cite to a Rule of Evidence, and he did not object under Rule 609 at trial or during the first hearing outside the presence of the jury. During the second hearing, trial counsel informed the court that his "focus" was on Rules of Evidence 404(b) and 403. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995) (en

9

banc) (instructing that "[a]n objection stating one legal theory may not be used to support a different legal theory on appeal"). The trial court analyzed evidence of the convictions under Rules 404(b) and 403, and counsel did not object under Rule 609 when the State introduced the extraneous offense evidence. The trial court did not have a fair opportunity to rule on a Rule 609 objection, and the State did not have an opportunity to oppose a Rule 609 complaint. *See Resendez v. State*, 306 S.W.3d 308, 316 (Tex.Crim.App. 2009); *Martinez*, 91 S.W.3d at 336 (instructing that specific objections are required to afford opposing counsel the opportunity to remove the objection and permit the trial court to rule).

Because the claim is not preserved for review, we overrule Issue One (germane to the 2011 conviction) and Issue Two (germane to the 2008 conviction).

### III. EVIDENCE CONCERNING APPELLANT'S 2018 ARREST

Appellant next argues the trial court violated his (1) federal constitutional due process right to be heard and present a meaningful defense, and (2) his state constitutional right to be heard, when it hypothecated that a 2018 arrest might be admissible if Appellant testified.

The issue arose in this context. After his arrest for this charge, Appellant was arrested again in 2018 for a separate possession with intent to distribute methamphetamine offense. The State's prosecutor also wanted to introduce this arrest (along with the two prior convictions) to rebut Appellant's claim that he did not know there were drugs in the jacket that he was wearing. The trial court sustained Appellant's objection to the evidence of the arrest in the guilt and innocence phase of the trial, but at one point stated on the record:

> . . . I'm going to put a hypothetical out there. It may happen and it may not. [Appellant] has an absolute constitutional right not to testify but if -- if he does testify, I think that this issue will go the other way. I think that at that point it will become admissible. You know, because I will grant to the State that a key portion of this case is the defendant's knowledge. All right? And I think -- I don't think that I will get disagreement from anybody.

. . . I think that the [c]ourt has a concern that this is an occurrence that occurred after the date it alleged in the indictment, thus, I would much rather be safe than sorry at this point.

But, [the State], just according to what happens after this, I'm not saying that you can't come back and still discuss this.

The trial court then asked, "counsels, is there anything else?" The State objected to the ruling. Defense counsel did not. On appeal, he now claims this statement acted to coerce him into not testifying, thus violating his federal and state constitutional rights. The State initially points out this issue is also forfeited because it was not raised below. We agree.

In *Clark v. State*, the Court of Criminal Appeals concluded that a defendant's repeated evidentiary objections to a prosecutor's remarks did not put the State or the trial court on notice of a due process objection. *See* 365 S.W.3d 333, 340 (Tex.Crim.App. 2012). The court declined to connect the defendant's multiple "badgering," "argumentative" and "mischaracterization" objections to constitutional protections so that they could be assumed to be a due process objection. *Id.* (explaining that a defendant may not "bootstrap a constitutional issue from the most innocuous trial objection."). The court indicated that the trial court should know when it is being asked to make a constitutional ruling, because constitutional error is subject to a stricter harm analysis on appeal. *See Id.*

Likewise, in *Darcy v. State*, the Court of Criminal Appeals concluded that a defendant did not preserve claims that the State violated his due process and Sixth Amendment rights by failing to assert those specific objections. *See* 488 S.W.3d 325, 327 (Tex.Crim.App. 2016). Reversing the lower court's judgment that did not address preservation, the *Darcy* court determined that the alleged error--the admission of evidence obtained in violation of the right to counsel--was forfeitable. *Id.* at 329. The court indicated that generally, errors in the admission of evidence were

11

subject to procedural default, regardless of the constitutional right involved. *See id.*, *citing Saldano*, 70 S.W.3d at 889 (instructing that the court has "consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant.").

We cannot reverse the trial court judgment because Appellant did not raise a constitutional objection at trial. *See Darcy*, 488 S.W.3d at 327-28 (providing that a first-tier appellate court cannot reverse a judgment of conviction without addressing error preservation, regardless of whether the issue is raised by either of the parties). Appellant's objection to the introduction of the 2018 arrest was sustained. "It is well-settled that when appellant has been given all the relief he requested at trial, there is nothing to complain of on appeal." *Cook*, 858 S.W.2d at 473.

After the trial court hypothesized that evidence of the 2018 arrest could potentially be used impeach Appellant if he testified, the trial court asked "counsels, is there anything else?" Counsel did not object. *See Clark*, 365 S.W.3d at 340 (concluding that the defendant forfeited his constitutional claim after the trial court twice requested a basis for the objection and the defendant did not mention due process). Appellant did not notify the trial court that the statement unconstitutionally prohibited him from testifying. Nor did counsel suggest that the trial court's hypothetical ruling placed Appellant in a Catch-22 and implicated his constitutional protections as he now claims on appeal. Accordingly, the claim is forfeited.

We thus overrule Issue Three.

## IV. CONCLUSION

Having overruled all of Appellant's issues on appeal, we affirm the trial court's judgment adjudicating guilt.

12

JEFF ALLEY, Justice

May 28, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)