**AFFIRMED as MODIFIED and Opinion Filed June 7, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01299-CR**

**DEXTER FARLOUGH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F21-76281-J**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Carlyle
Opinion by Justice Carlyle

A trial court found appellant Dexter Farlough guilty of aggravated assault with a deadly weapon and sentenced him to thirty years of confinement in the Texas Department of Criminal Justice. In three issues, appellant argues (1) the complainant's in-court identification violated his right to due process; (2) without the in-court identification, the evidence is legally insufficient to support his conviction; and (3) we should modify the judgment to correct three errors therein. In a cross-point, the State contends we should modify the judgment on two

additional grounds. We modify the judgment to reflect the truth and affirm as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

To preserve an issue for appellate review, a party must present a timely request, objection, or motion to the trial court stating the specific grounds for the desired ruling if it is not apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1). To be timely, an appellant must make his complaint as soon as the grounds therefor are apparent or should be apparent. *Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999). To be sufficiently specific, an objection need not employ hyper-technical or formalistic words or phrases. *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018). The party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Id*. "This gives the trial judge and the opposing party an opportunity to correct the error." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

The complainant identified appellant as his assailant during trial and appellant did not object. On cross-examination, appellant learned the complainant received a photo of him from a private party and that complainant had never previously identified appellant to law enforcement. Appellant nonetheless presented no relevant objection, request, or motion for relief in response to complainant's testimony. The only time appellant mentioned the propriety of the

complainant's in-court identification to the trial court judge was during closing statements. There, his counsel argued:

> He [complainant] does admit that [a private party] sent him a picture of Mr. Farlough, which I'm sure the Court is aware would taint any identification or lineup that was then shown him.
>
> If he is shown a picture of somebody and says, 'This is the guy I think shot you' or 'This is the guy I believe shot you,' that's gonna taint his identification. So the fact that he identified Mr. Farlough in the courtroom is simply not credible that he was able to identify him that night.

This argument did not ask the trial court for any relief related to complainant's in-court identification and, in fact, took a proper path to attack the identification's foundation given that the photo did not come from law enforcement or during a lineup or showup procedure.

Because appellant did not inform the trial court judge he wanted relief regarding complainant's in-court identification at a time the judge was in the proper position to do something about it, there is nothing for this Court to review. *See Golliday*, 560 S.W.3d at 670; TEX. R. APP. P. 33.1(a)(1).

Appellant bases his second issue on his first issue and argues that without the in-court identification, the State is unable to prove beyond a reasonable doubt that he was the shooter. But the record contains the complainant's unobjected-to testimony identifying appellant as the shooter and appellant does not argue the in-court identification is legally insufficient to support his conviction. Because

appellant premises his sufficiency complaint on the lack of an identification, we reject it. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (we consider all evidence in the record at trial, "whether it was admissible or inadmissible").

In his third issue, appellant argues we should reform the judgment to show he pled "not guilty," that he pled "not true" to the enhancement paragraph, and complains that the judgment fails to state that the trial court adjudicated him guilty. The State agrees and argues we should further modify the judgment to reflect that the trial court implicitly found the enhancement paragraph to be true and there was no plea bargain.

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). The record supports these conclusions: appellant pled not guilty before trial; the indictment includes an enhancement paragraph and the State arraigned appellant on the enhancement paragraph at the beginning of the punishment hearing, to which appellant pled not true. The State argued, without objection, that the court should sentence appellant to "no less than 40 years in the penitentiary." The record shows that the trial court adjudicated appellant guilty and sentenced him to 30 years of confinement; this sentence for aggravated assault with a deadly weapon is not possible without a

prior felony conviction enhancement. *Compare* TEX. PENAL CODE §§ 12.33 and 22.02 *with id.* § 12.42.

Because the record contains the necessary information, we modify the judgment to state that (1) appellant pled not guilty, (2) the trial court adjudicated him guilty, (3) there was no plea bargain, (4) appellant pled not true to the enhancement paragraph, and (5) the trial court found that enhancement to be true.

We affirm the judgment of the trial court as modified.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221299F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DEXTER FARLOUGH, Appellant

No. 05-22-01299-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F21-76281-J.
Opinion delivered by Justice Carlyle. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to state that: (1) appellant pled not guilty, (2) the trial court adjudicated him guilty, (3) there was no plea bargain, (4) appellant pled not true to the first enhancement paragraph, and (5) the trial court found that enhancement to be true.

As **REFORMED,** the judgment is **AFFIRMED**.

Judgment entered June 7, 2024