

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00312-CR

---

JEFFREY FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-2006, Honorable Douglas H. Freitag, Presiding

---

March 25, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Jeffrey Flores, was convicted by a jury of continuous sexual abuse of a child and sentenced to life without parole.[1] He challenges his conviction by a single issue asserting his Sixth Amendment right to an impartial jury was violated when the trial court overruled his objection to the State's improper closing argument regarding his demeanor. He concedes improper jury argument is generally

---

[1] TEX. PENAL CODE ANN. § 21.02(b).

reviewed for harm as nonconstitutional error but requests this Court review the alleged error for harm under the standard for constitutional error per Rule 44.2(a) of the Texas Rules of Appellate Procedure. We affirm.

**BACKGROUND**

Appellant and the complainant met when the complainant and his mother moved into the same apartment complex. Appellant served as a father figure to him because the complainant's father was in prison. Appellant's son and the complainant became friends at a very young age, attended school together, and had sleepovers. In 2014, Appellant began sexually abusing the complainant during the sleepovers.

Appellant does not challenge the sufficiency of the evidence. Thus, only facts necessary to disposition of his sole issue will be addressed.

Appellant contends the trial court violated his Sixth Amendment right to an impartial jury when it overruled his objection on the State's improper closing argument referencing Appellant's demeanor. The State argues error, if any, was harmless. We find Appellant did not preserve his complaint and does not present harmful reversible error for the following reasons:

- objection at trial does not comport with complaint on appeal;

- Sixth Amendment issue is raised for the first time on appeal; and

- failure to object again when the prosecutor presented the same argument.

During the State's closing argument in the underlying case, the prosecutor argued as follows:

[The complainant] came in and he had the courage to not only face this Defendant, but a courtroom full of people, and relive the most horrific things that ever happened to him in his life. That is not something that he wanted to do. And you can consider his demeanor, you can also consider the demeanor of this Defendant throughout trial. Anything you have seen in this courtroom.

Ladies and gentlemen, this Defendant knows exactly what he did to [the complainant]. He will not be surprised at all when you come back with a guilty verdict.

[Defense counsel]: *Objection, your Honor, that's improper argument*.

The Court: Overruled.

[Prosecutor]: He will not be surprised one bit when you come back with a guilty verdict on continuous sexual abuse of a child because he knows what he has been doing to [the complainant] since he was six years old. . . .

(Emphasis added). The prosecutor continued with the same argument without further objection.

## ANALYSIS

Although not raised by the State, preservation of error is a systemic requirement we must review sua sponte. *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). To preserve an error for appellate review, a party must make a timely and specific objection and obtain an adverse ruling. TEX. R. APP. P. 33.1(a)(1)(A). "Magic words" are not required; all a party has to do to avoid forfeiture on appeal is let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand at a time when the judge is in a proper position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

3

**Objection and Appellate Issue Differ**

The only objection raised by Appellant during closing argument was "improper argument" which was promptly overruled. A complaint on appeal must comport with the objection made at trial. *See Clark v. State*, 365 S.W.3d 333, 339 n.1 (Tex. Crim. App. 2012) (noting an issue on appeal must comport with the objection made at trial); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). Here, Appellant maintains for the first time that his Sixth Amendment right to an impartial jury was violated. However, he never put the trial court on notice that he was arguing a Sixth Amendment violation at a time when the court was in a proper position to rule on such a complaint; thus, his issue does not comport with his trial objection and is not preserved for appellate review.

**Sixth Amendment Complaint**

A Sixth Amendment violation may not be raised for the first time on appeal. *See Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018). *See also Mims v. State*, 607 S.W.3d 419, 428 (Tex. App.—Texarkana 2020, pet. ref'd). A complaint of a Sixth Amendment violation of the right to an impartial jury "must be pressed in some fashion at trial before reversal of [a defendant's] conviction may be predicated upon its breach." *Hicks v. State*, 606 S.W.3d 308, 320 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (citing *Delrio v. State*, 840 S.W.2d 443, 445–46 (Tex. Crim. App. 1992) (noting that Court of Criminal Appeals has *not* held "that an impartial jury is an inflexible constitutional imperative which cannot be procedurally defaulted or consciously waived")).

After an exhaustive search, this Court has not found any authority in which a claim of improper jury argument morphed into the denial of the Sixth Amendment right to an

impartial jury. Even so, a specific objection on the right to an impartial jury was required unless the error was so egregious it caused harm. *See Drake v. State*, 465 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (finding complaint on appeal of the denial of a fair and impartial jury waived unless error is so egregious it caused harm). Violations of Sixth Amendment protections attributable to trial court error must comply with Rule 33.1(a) of the Texas Rules of Appellate procedure or be forfeited. *Ripkowski v. State*, 61 S.W.3d 378, 386 (Tex. Crim. App. 2001). *See also Darcy v. State*, 488 S.W.3d 325, 329 (Tex. Crim. App. 2016) (finding a violation of the right to counsel under the Sixth Amendment as it pertained to evidentiary issues forfeited by inaction); *Suniga v. State*, No. AP-77,041, 2019 Tex. Crim. App. Unpub. LEXIS 128, at *14 n.5 (Tex. Crim. App. March 6, 2019) (finding complaint of a Sixth Amendment violation on trial court's denial of a challenge for cause raised for the first time on appeal forfeited when defendant did not implicitly advance it as a legal basis during trial); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (noting a hearsay objection does not preserve error under the Confrontation Clause of the Sixth Amendment). But a claim of ineffective assistance of counsel in violation of the Sixth Amendment does not implicate trial court error and may be raised for the first time on appeal. *Robertson v. State*, 187 S.W.3d 475 (Tex. Crim. App. 2006).

Here, Appellant's complaint is directed at the trial court's ruling on his objection of improper argument. To preserve his Sixth Amendment complaint, he was required to specify it as the legal basis during trial.

**Same Improper Argument Without Objection**

Immediately after the trial court overruled Appellant's "improper argument" objection, the prosecutor urged the same jury argument that Appellant would not "be surprised one bit when you come back with a guilty verdict . . . ." No objection was made. "Where the same objected-to argument is presented elsewhere during trial without objection, no reversible error exists." *McFarland v. State*, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 963, 24 L. Ed. 2d 686, 113 S. Ct. 2937 (1993).

For the reasons explained, Appellant's sole issue is unpreserved and thus, overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

Quinn, C.J., concurs in the result.