

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00003-CR

_____

JAMES WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 55797-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

On December 31, 2024, after his open plea of guilty, James Williams was convicted of two counts of terroristic threat, fear of bodily injury, and received a sentence of six years' incarceration for each count, to run concurrently. *See* TEX. PENAL CODE ANN. § 22.07(e). On appeal, Williams argues that the punishment assessed by the trial court was disproportionate to the offense and violated his right to be free from cruel and unusual punishment under the Eighth Amendment, made applicable to the States by the Fourteenth Amendment to the United States Constitution. Because we find that those claims were not preserved for our review, we affirm the trial court's judgment.

## I. Background

A brief rendition of the facts and procedural history of this case is necessary to our review.

The State's indictment alleged that, on March 11, 2024, Williams called the Salvation Army and threatened everyone present by stating that he would burn down the building, then, on March 13, 2024, that he would kill everyone present at the Women's Center of East Texas. The indictment alleged two counts of "TERRORISTIC THREATENING WITH FEAR OF SERIOUS BODILY INJURY," both of which are third-degree felonies.

Williams pled not guilty to the offenses and later reiterated his not guilty pleas during a plea hearing held on August 30, 2024. The States's offer was two, concurrent, five-year sentences of imprisonment. After a competency determination, Williams waived his right to a

trial by jury. A few weeks later, on December 31, 2024, he executed written plea admonishments and a stipulation of evidence and entered an open plea of guilty to both counts.

On that same date, Williams was the subject of a sentencing hearing. Williams asked the trial court to impose community supervision. Emphasizing the nature of the offenses, Williams's previous convictions and other alleged offenses, and opportunities for rehabilitation offered in the prison system, the State requested a sentence of seven years' incarceration. The trial court assessed a sentence of six years' confinement for each count, to run concurrently.

Williams did not object to the sentence, nor did he file a motion for new trial.

## II.    Preservation of Error

Generally, to preserve error for appellate review, the record must show that an objection was made to the trial court, the grounds for relief were made "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a)(1)(A). As we have stated:

> "A party is not excused from the procedural requirements for objecting at trial merely because an error involves a constitutional right." *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Davis v. State*, 614 S.W.3d 223, 232 (Tex. App.—Texarkana 2020, no pet.) (quoting *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.)); *see Jackson v. State*, 989 S.W.2d 842, 844 (Tex. App.—Texarkana 1999, no pet.).

*Hawkins v. State*, No. 06-23-00249-CR, 2024 WL 3073767, at *1 (Tex. App.—Texarkana June 21, 2024, no pet.) (mem. op., not designated for publication). A "failure to preserve [an]

Eight[h] Amendment claim at trial forfeits the claim for appellate review." *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) ("The appellant never objected at trial concerning cruel and unusual punishment.")).

Here, Williams did not make any request, objection, or motion for a new trial stating a specific ground for the ruling he desired.

Williams's counsel argued for community supervision in his closing argument. The entirety of that argument is as follows

> Your Honor, it's about the only thing I can say is father and son -- threat of violence and that's really something that needs to take very seriously especially when it involved public servants. But the good news is that the threat there's no actual lives involved in this.
>
> We'd ask that you read the PSI. My client has put some thought into what he would need to do to make a probation and what would be -- have some idea what all would be required and to make some plans as far as transportation and being able to pay fees and such. With that, we'd ask the Court to consider giving him probation and for him to try to make his way out of this.

Even so, the fact that Williams argued for community supervision during closing argument is insufficient to preserve those issues for our review. There was no request for a ruling on any constitutional issue.

Error preservation does not require a "hyper-technical or formalistic use of words or phrases," nonetheless, the complainant must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App.

2012)). "[T]he trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal." *Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (citing TEX. R. APP. P. 44.2(a), (b)). "The court needs to be presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal." *Id*.

Accordingly, Williams's claims were not preserved for our review.

## III.     Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice


Date Submitted:     May 30, 2025
Date Decided:       July 7, 2025

Do Not Publish