

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AARON JOE FRAZIER, JR., | § | No. 08-23-00097-CR |
| Appellant, | § | Appeal from the |
| v. | § | 42nd Judicial District Court |
| THE STATE OF TEXAS, | § | of Taylor County, Texas |
| Appellee. | § | (TC# 28467-A) |

**<u>MEMORANDUM OPINION</u>**[1]

A jury found appellant, Aaron Joe Frazier, Jr., guilty of continuous sexual abuse of two children (E.F. and G.F.) and indecency by contact with a third child (B.F.).[2] The trial court assessed punishment at fifty years' confinement and fifteen years' confinement, respectively, with the sentences to run concurrently. In two issues, appellant asserts the Texas Rape Shield Law is unconstitutional as applied to him and his fifty-year sentence is grossly disproportionate to the

---

[1] This case was transferred from our sister court in Eastland pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the Eastland court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

[2] To protect the identity of minor children, we refer to the children by their initials.

severity of his crimes. We conclude appellant did not preserve his constitutional challenge to the Rape Shield Law and his sentence did not violate his constitutional rights. Therefore, we affirm.[3]

## PROCEDURAL AND FACTUAL BACKGROUND

Prior to trial the State filed a motion in limine[4] regarding, among other things, the following:

1. Any reference about any victims making any outcries or allegations of any other prior sexual abuse not by this defendant[,]

2. Any reference or statement as to any opinion, reputation, or specific instances of conduct (including sexual history) related to the character of any witness, including the victims, [B.F., G.F., and E.F.]. Due to the highly prejudicial nature of such evidence, the State and this Court should be advised of its nature and given the opportunity to determine whether it meets the requirements for admissibility before it is introduced. TRE 402, 403, 404(b), 412, & 608.

During the guilt-innocence phase of trial, several witnesses, including B.F., G.F., and E.F., testified. The jury found appellant guilty on both counts. Before the trial court assessed punishment, appellant raised two arguments. First, he contended the Rape Shield Law was a violation of his constitutional rights because it prevented him from presenting evidence that B.F. and G.F. had made prior sexual assault allegations against other individuals. Second, he contended the mandatory sentence for continuous sexual assault violated his constitutional right against cruel and usual punishment. No testimony was adduced during the sentencing phase, and, after hearing arguments, the trial court assessed punishment. This appeal raising two constitutional complaints ensued.

---

[3] Appellant does not contest the legal or factual sufficiency of the evidence to support his conviction; therefore, only the facts necessary for disposition of his issues will be discussed.

[4] The record on appeal does not indicate the trial court ruled on the motion.

## CONSTITUTIONALITY OF THE TEXAS RAPE SHIELD LAW

Texas Rule of Evidence 412, otherwise known as the Rape Shield Law, provides in relevant part as follows:

> The following evidence is not admissible in a prosecution for sexual assault, aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault:
>
> > (1) reputation or opinion evidence of a victim's past sexual behavior; or
> >
> > (2) specific instances of a victim's past sexual behavior.

TEX. R. EVID. 412(a).

In his first issue, appellant asserts the Rape Shield Law is unconstitutional as applied to him. Appellant does not take issue with the law's preclusion of evidence of "a victim's past sexual *behavior*." Instead, he contends the law should not prevent the admission into evidence of any prior *allegations* made by a sexual assault complainant against individuals other than the defendant and the trial court should "never have discretion" on whether such allegations should be admissible. On appeal, he asserts application of the law violated his rights to due process, confrontation and cross-examination of the witnesses against him, and preparation of a valid defense. The State argues appellant failed to preserve error. Therefore, before we consider the merits of appellant's arguments, we must first address whether this issue was preserved for appellate review.

### A. Preservation

Almost every right, constitutional and statutory, may be waived by failing to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). "While no 'hyper-technical or formalistic use of words or phrases' is required in order to preserve error, the proffering party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something

3

about it.'" *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (citations omitted). In this case, several rules of preservation are at play.

### B. Analysis

First, an objection must be timely presented to the trial court. *King v. State*, 953 S.W.2d 266, 268 (Tex. Crim. App. 1997); TEX. R. APP. P. 33.1(a)(1). Here, appellant raised his complaint to the trial court after the jury found him guilty. He did not raise the complaint during the testimony of either B.F. or G.F. Therefore, his complaint was not timely.

Second, to preserve error in the exclusion of evidence, the proponent must make an offer of proof and obtain a ruling. "A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2). The offer of proof may be in question-and-answer form or may consist of a concise statement by counsel. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). When in the form of a statement, the offer of proof "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Id.* at 889–90 (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (per curiam)); *see also Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) ("So it is not enough to tell the judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible.").

Appellant informed the trial court as follows:

> [H]e would have offered proof of [B.F.'s] previous sexual assault allegation where she had been raped, and [G.F.'s] previous sexual allegations against a prior foster home, including multiple counseling information and counseling notes, et

4

cetera, with regard to how those children [sic] counseled as to those prior sexual assault allegations.

Appellant did not state the relevance of the evidence, nor did he tell the court why it should be admissible. Also, because the issue was not raised until after the close of the guilt-innocence phase and the jury had found him guilty, the trial court was not asked for and did not make a ruling.[5]

Finally, a criminal defendant must clearly articulate to the trial court the constitutional basis supporting the admission of excluded evidence to preserve a constitutional claim for appeal. *Golliday*, 560 S.W.3d at 670–71; TEX. R. APP. P. 33.1(a)(1)(A). Appellant informed the trial court that "had the Rape Shield Law, which my client finds to be an unconstitutional violation of his constitutional rights, not existed, then he would have offered proof of" the prior sexual assault allegations. Appellant did not articulate the basis of his constitutional challenge as a violation of his rights to due process, confrontation and cross-examination of the witnesses against him, or preparation of a valid defense.

For the above reasons, we conclude appellant did not preserve his constitutional challenge to the Rape Shield Law. Therefore, we overrule his first issue on appeal.

## DISPROPORTIONATE SENTENCE

In his second issue, appellant asserts his "sentence of fifty flat years" is disproportionate to the severity of his crime. More specifically, he contends this sentence, at his age, amounts to a death sentence.[6]

---

[5] The court stated, "All right. I don't think this requires a ruling on my part, so . . . ." Defense counsel interrupted and stated, "True, Your Honor. My client and I simply wanted to make that offer of proof to indicate that the Rape Shield Law is a violation of his constitutional rights."

[6] Before the trial court assessed punishment, defense counsel argued, "The Defendant would like to advise and argue to the Court today that the statute in the Texas Code of Criminal Procedure [sic] with regard to continuous sexual abuse is a violation of his constitutional rights against cruel and unusual punishment. He is 64 years old right now. A

As a general rule, "a sentence within the statutory range of punishment does not constitute cruel and unusual punishment and is not excessive." *Burton v. State*, 830 S.W.2d 197, 199 (Tex. App.—El Paso 1992, no pet.); *see also State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) ("this Court has traditionally held that punishment assessed within the statutory limits . . . is not excessive, cruel, or unusual"). Appellant's conviction for continuous sexual assault arises under Texas Penal Code § 21.02. TEX. PEN. CODE ANN. § 21.02(b). "An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." *Id.* § 21.02(h). An inmate who is serving a sentence for an offense under § 21.02 is not eligible for release on parole. TEX. GOV'T CODE ANN. § 508.145(a). Therefore, appellant's fifty-year sentence for continuous sexual assault is within the statutory range of punishment.

A narrow exception to the general rule is recognized when the sentence is grossly disproportionate to the offense. *Simpson*, 488 S.W.3d at 322 (general rule "does not require strict proportionality between the crime and the sentence"; "[r]ather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime"). The United States and Texas Constitutions prohibit cruel and unusual punishment. U.S. CONST. amend. VIII; TEX. CONST. art. I § 13. Generally, these provisions require a punishment to be proportional to the crime committed. *Solem v. Helm*, 463 U.S. 277, 290 (1983). A punishment will be grossly disproportionate only in "exceedingly rare" or "extreme" cases. *Simpson*, 488 S.W.3d at 322–23.

Although appellant acknowledges mandatory sentences—such as the one here—are generally proportionate, he contends his sentence is grossly disproportionate to the crime because

minimum 25-year sentence means that he would be, even at the minimum, 89 years old, which is essentially a life sentence for a man of his age. So, with that argument, Your Honor, my client continues to declare his innocence in this case and would ask the Court not to sentence him under the statute of continuous sexual abuse of a child, based on that constitutional violation."

he will die in prison; therefore, the punishment is cruel and unusual. Ordinarily, to determine whether a sentence for a term of years, including a life sentence, is grossly disproportionate to the crime, the court must conduct a threshold comparison of the gravity of the offense and the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60 (2010). In making this comparison, we must consider (1) the severity of the sentence in light of the harm caused or threatened to the victim, (2) the offender's culpability, and (3) the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). If this comparison validates an initial judgment that the sentence is grossly disproportionate, then the sentence is cruel and unusual. *Id.*

Before both the trial court and on appeal, appellant asserted § 21.02 was unconstitutional as applied to him because he probably will die in prison. Appellant does not compare his sentence to the gravity of the offenses for which he was convicted. Instead, his sole contention is that his sentence is grossly disproportionate because his age—sixty-four years old—combined with a sentence of fifty years' confinement without parole effectively creates a death sentence in this non-capital-offense case. Appellant relies on the U.S. Supreme Court's decision in *Graham* for his argument that age should be considered when determining the constitutionality of a sentence. We do not consider *Graham* persuasive because that Court considered a life-without-parole sentence for minors, not adults. 560 U.S. at 52. The Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Id.* at 82. "A State need not guarantee the offender eventual release, but if it imposes a sentence of

life it must provide him or her with some realistic opportunity to obtain release before the end of that term." *Id.*

"A lengthy term of years without the possibility of parole is a severe penalty[,]" second only to the severity of the death penalty. *Glover v. State*, 406 S.W.3d 343, 349 & n.7 (Tex. App.—Amarillo 2013, pet. ref'd). On the other hand, "continuous sexual abuse of a child under 14 years of age is one of the most severe offenses in Texas." *Rios v. State*, 665 S.W.3d 467, 484 (Tex. Crim. App. 2022). "In part, section 21.02 of the Texas Penal Code was enacted to protect children from continuous acts of sexual abuse." *Glover*, 406 S.W.3d at 349 ("[C]onsidering the nature of the offense, the vulnerability of the victims, and the repetitive nature of the offense, we believe the moral culpability factor weighs in favor of the constitutionality of a no parole sentencing scheme for the offense of continuous sexual abuse of a child."). "[T]he Legislature's decision to deny parole to persons convicted of continuous sexual abuse of a child protects child victims against continuous sexual attacks." *Id.* "A punishment scheme does not offend the Eighth Amendment simply because 'the classification is not made with mathematical nicety or because in practice it results in some inequality.'" *Id.* (citations omitted).

The record establishes G.F. and E.F. were the children of appellant's wife's niece, they were removed from their mother's care, and they were fostered and later adopted by appellant and his wife. At trial, both girls testified appellant repeatedly sexually abused them, initially by touching and then later by vaginal penetration with his penis. The sexual assaults began when the girls were approximately ten years old. Appellant, who testified on his own behalf, denied the accusations, and insisted the girls had been coached and they lied because they wanted to leave his house and live with other relatives who had a better house and fewer rules to follow. Appellant admitted to a prior felony assault charge, but he insisted the police "didn't get everything right."

8

On this record we conclude the trial court's fifty-year sentence is not grossly disproportionate to appellant's commission of the offense of continuous sexual abuse of two young girls whom he fostered and later adopted. *See Cisneros v. State*, 622 S.W.3d 511, 522–23 (Tex. App.—Corpus Christi 2021, no pet.) (concluding two consecutive ninety-nine-year sentences for continuous sexual abuse of children was not a grossly disproportionate punishment). Therefore, we overrule appellant's second issue.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

SANDEE B. MARION, Chief Justice (Ret.)

November 7, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

(Do Not Publish)