

# NUMBER 13-24-00541-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADAM DAVE ABELAR,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

## ON APPEAL FROM THE 23RD DISTRICT COURT
## OF WHARTON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant Adam Dave Abelar was convicted of intentionally or knowingly causing serious bodily injury to a child, a first-degree felony, and sentenced to twenty-five years' incarceration. *See* TEX. PENAL CODE ANN. § 22.04(e). By three issues, appellant contends that the evidence is insufficient, and the trial court allowed improper testimony from two witnesses. We affirm.

## I.   BACKGROUND

At trial, Robert,[1] who was fourteen years' old at the time of the trial, testified that appellant, his father, hit him with a belt on the face and choked him. The trial court admitted a video of Robert's statement to police on the night of the incident, which showed that Robert had a raspy voice. Robert stated that when he returned home from a trip to Walmart, appellant "pull[ed]" him out of a car and "kick[ed]" him. Robert said, "And then he was like throwing me around and then . . . he was choking me and I threw up and then my mom . . . said stop, but he stopped." Marks are visible on Robert's neck.

Matt Machart, a sergeant with the Wharton County Sheriff's Office, testified that Robert "mentioned that he was choked which impeded his breath" and that he vomited "during the choking." The State asked Sergeant Machart to point to Robert's injuries on several pictures. Sergeant Machart said that there were injuries "[a]bove his right eye on his forehead . . . [h]is lip, his upper, a little bit of the bottom, and there's some marks on his right side under his ear." Sergeant Machart stated that another picture showed "a mark . . . on the neck" that he believed "to be from the belt." Sergeant Machart testified vomiting and having a raspy voice are both signs of being choked.

Brenda Huerta, Robert's mother, testified that when Robert was eleven years old, he was disrespectful to her while they were at Walmart, so she called appellant, who was waiting for them with a belt when they arrived home. According to Huerta, appellant "grabbed [Robert,] and he started to spank him. And then he grabbed him by his collar

---

[1] We use a pseudonym to refer to the child victim. *See* TEX. R. APP. P. 9.10(a)(3) (requiring redaction of sensitive data, which includes "the name of any person who was a minor at the time the offense was committed").

2

and then he took him inside" to his room. Huerta did not witness what appellant did in Robert's room. The State asked her to describe what she heard. Huerta said, "Just that [appellant] was yelling at [Robert], like telling him that he shouldn't have done what he did and [Robert] was crying . . . the belt whipping him and [Robert] screaming." Robert and appellant came out of Robert's room after about three to five minutes, and Robert "threw up in the living room and [appellant] made him pick the throw-up up and he told him to be quiet." Robert then called Huerta's "oldest daughter on the phone and told [her] that [appellant] choked him, that he spanked him." Huerta's daughter "called the authorities and they showed up." Huerta said that appellant "had a feeling that the cops were called," and "[h]e left the property." Huerta thought Robert vomited because he was "choked or that he was crying so much that he threw up." Huerta saw marks on Robert's body, forehead, and neck.

Tim Arriaga, a corporal with the Wharton County Sheriff's Office, testified that on the date of the incident, he observed that Robert "had injuries to his mouth, his neck, and his face," which did not appear to be accidental. According to Corporal Arriaga, the pictures admitted into evidence did not "show the full extent of the injuries." The State asked, "What did [Robert] say as an excited utterance to you?" Corporal Arriaga replied that Robert told him that when they arrived home from Walmart, appellant "pulled him out of the car and grabbed him around his neck," and appellant "walked him" to his room "by holding his neck and also grabbing his hair." Robert told Corporal Arriaga that appellant "grabbed him around his neck, choking him to the point where he could not breathe. Once he released his neck, he threw up." Corporal Arriaga testified that Robert told him that

3

appellant "struck him several times [with his belt], which was . . . indicative of the injury to his neck and to his face." According to Corporal Arriaga, "[Robert] stated that there were several metal . . . pendants along the belt" that Corporal Arriaga believed caused "imprints" that could be seen in pictures of Robert's face.

The jury convicted appellant, and this appeal followed.

## II.     SUFFICIENCY OF THE EVIDENCE

### A.     Standard of Review and Applicable Law

In a sufficiency review, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Sufficient evidence exists if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899.

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily

4

restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240). As charged in this case appellant committed the offense of injury to a child if he intentionally or knowingly caused Robert, a child younger than fourteen years of age, serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04 (a)(1), (e).

## B.     Discussion

Viewed in the light most favorable to the verdict, the evidence shows that appellant impeded Robert's breath by choking him with his hands and caused injuries to Robert's face and neck by hitting him with the metal portion of a belt. *See id.* From evidence that appellant was angry with Robert because he was disrespectful to his mother, dragged Robert by his hair to his bedroom while shouting and scolding Robert, hit Robert with the metal portion of the belt, and choked Robert until he vomited, the jury could have reasonably inferred that appellant intentionally and knowingly caused the bodily injury to Robert. *See id.*; *see also Wise*, 364 S.W.3d at 903; *Brooks*, 323 S.W.3d at 899. Moreover, from evidence that appellant left the property when he learned that police had been notified, the jury could have reasonably inferred appellant's consciousness of guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) ("We have recognized that a factfinder may draw an inference of guilt from the circumstance of flight."); *see also Jones v. State*, No. 01-23-00621-CR, 2025 WL 1759020, at *8 (Tex. App.—Houston [1st Dist.] June 26, 2025, no pet.) (mem. op., not designated for publication) (explaining "evidence of appellant's flight was probative of his consciousness of guilt"). Accordingly, we conclude that a rational fact finder could have found the essential elements of the

5

crime beyond a reasonable doubt. See *Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule appellant's first issue.

### III.    IMPROPER TESTIMONY

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. TEX. R. APP. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021); *Golliday v. State*, 560 S.W.3d 664, 669 n.16 (Tex. Crim. App. 2018). A party's failure to object to the admission of evidence at trial, even if the complaint concerns an alleged violation of a constitutional right, forfeits any complaints on appeal concerning admissibility of the evidence. *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). "Preservation is a 'systemic requirement[,]' meaning that when an issue isn't 'preserved for appeal, neither the court of appeals nor [the Court of Criminal Appeals] should address the merits of that issue.'" *Guevara v. State*, 667 S.W.3d 422, 443 (Tex. App.—Beaumont 2023, pet. ref'd) (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)).

By his second issue, appellant argues that most of Corporal Arriaga's testimony "was irrelevant and its probative value was substantially outweighed by the danger of unfair prejudice." However, at trial, appellant did not object to any of Officer Arriaga's testimony on any basis. Therefore, this issue is not preserved. *See* TEX. R. APP. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822; *Golliday*, 560 S.W.3d at 669 n.16. We overrule appellant's second issue. *See Guevara*, 667 S.W.3d at 443.

By his third issue, appellant argues that the trial court abused its discretion by

6

allowing Tammy Garcia, an employee of the Matagorda-Wharton Women's Crisis Center, "to testify and speculate having no personal knowledge of this case." At trial, appellant did not object on any basis to Garcia's testimony. Therefore, this issue is not preserved. *See* TEX. R. APP. P. 33.1(a)(1); *Montelongo*, 623 S.W.3d at 822; *Golliday*, 560 S.W.3d at 669 n.16. We overrule appellant's third issue. *See Guevara*, 667 S.W.3d at 443.

## IV.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
14th day of August, 2025.

7