**Opinion issued October 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00803-CR

———————————

**EDGAR RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1735450**

---

## MEMORANDUM OPINION

Edgar Rodriguez appeals his conviction for aggravated sexual assault of a child. *See* TEX. PENAL CODE § 22.021. In two issues, he argues that the trial court erred in excluding testimony and that the State's closing argument was inflammatory and improper. We affirm.

## Background

Rodriguez was charged with continuous sexual assault of a child based on an outcry by Mary, Rodriguez's girlfriend's daughter.[1] *See* TEX. PENAL CODE § 21.02(b). At trial, Mary testified that Rodriguez abused her on four occasions while she and her mother lived in his apartment with him and his children. Mary was eleven or twelve years old at the time. First, Mary testified that she went into the bedroom her mother and Rodriguez shared to watch television. When Mary got in bed between Rodriguez and her sleeping mother, Rodriguez pulled down her pants, covered her mouth, and penetrated her vagina with his fingers until Mary's mother woke up. On another occasion, Mary testified that she was on the floor when an intoxicated Rodriguez came up to her, kissed her back, and began to undress her. He put his penis in her mouth. On a third occasion, Mary came home from cheerleading practice and Rodriguez pushed her onto the arm of the couch. He undressed her and put his fingers in her vagina. Last, Mary was with Rodriguez in his daughter's bedroom. Rodriguez began undressing Mary but stopped once he discovered that she was menstruating.

Shortly after these incidents, Mary's mother punched and strangled her. Mary's mother was arrested, convicted, and incarcerated due to the incident. Mary

---

[1]     We use a pseudonym to refer to the minor complainant. *See* TEX. R. APP. P. 9.10(a)(3).

2

was placed with her grandmother, and about a year later, Mary outcried to her grandmother about Rodriguez's abuse.

The jury found Rodriguez guilty of the lesser-included charge of aggravated sexual assault. He was sentenced to 22 years' imprisonment. He appealed.

## Exclusion of Evidence

In his first issue, Rodriguez argues that the trial court erred in excluding two lines of questioning during cross-examination of Mary. Specifically, he claims that the trial court erred in excluding cross-examination that when Mary was five or six years old, she witnessed a man sexually abusing her cousin, who was a child. Rodriguez also claims that the trial court erred in limiting testimony that Mary's grandmother could receive government benefits if she obtained full custody of Mary.

Rodriguez contends that the excluded evidence was relevant and that its exclusion impaired his ability to present a defense and "impede[d]" his "right to a fair trial."

### A. Standard of Review

We afford trial judges wide discretion in limiting the extent and scope of cross-examination. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). We will not disturb the trial court's evidentiary ruling if it is correct under

any applicable theory of law. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

## B.      Witness to Prior Sexual Assault

Rodriguez sought to question Mary about an allegation that when Mary was five or six years old, she was "forced to observe" the sexual assault of a minor cousin by her mother's boyfriend. The defense believed the testimony was relevant to Mary's truthfulness in testifying during Rodriguez's trial. The State responded that the testimony was not relevant and prejudicial, and the trial court found that the testimony was not relevant and excluded it.

On appeal, Rodriguez argues that he should have been allowed to introduce the evidence and that the trial court erred because the exclusion impacted his "fundamental right to present evidence of a defense." The State responds that Rodriguez has not preserved this claim for our review because he did not alert the trial court that he was making a constitutional objection.

The record does not reflect that Rodriguez made the court aware that he was objecting to the testimony on constitutional grounds. Having failed to make a constitutional argument in the trial court, Rodriguez is precluded from raising one on appeal. TEX. R. APP. P. 33.1(a); *Golliday v. State*, 560 S.W.3d 664, 671 (Tex. Crim. App. 2018) ("Appellant did not clearly articulate a constitutional basis supporting the admission of the excluded evidence at trial. Consequently, he did

not preserve a constitutional claim for appeal."). In *Golliday*, the defendant sought to cross-examine the complainant and a sexual assault nurse examiner to allow the jury to "get the whole picture of the situation." 560 S.W.3d at 665–66. Golliday questioned the complainant outside the jury's presence and sought to introduce testimony he elicited to prove the alleged sexual assault had been consensual sex. *Id.* at 666. The State objected that the testimony was hearsay, irrelevant, and inadmissible under Texas Rule of Evidence 404. *Id.* The court sustained the State's objections, and Golliday was ultimately convicted. *Id.* at 667. The court of appeals reversed, holding the trial court had violated Golliday's rights to confrontation and due process and to offer a defense by limiting his cross-examination of the complainant and the nurse examiner. *Id.* at 668. The Court of Criminal Appeals reversed the appellate court holding that nothing in the record reflected that Golliday "properly put the trial judge on notice that he was making a Confrontation Clause argument in support of admitting the excluded evidence." *Id.* at 670. The Court stated, "Parties are not permitted to 'bootstrap a constitutional issue from the most innocuous trial objection.'" *Id.* (internal citation omitted).

Like in *Golliday*, Rodriguez failed to "clearly articulate" to the trial court during trial that a constitutional provision "demanded admission of the evidence" he sought to admit. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (holding evidence exclusion error not preserved despite offer of proof and

ruling from trial court because Reyna did not articulate that constitutional provision demanded admission of evidence and trial judge never had opportunity to rule upon that rationale). Rodriguez therefore did not preserve this issue for our review. *See* TEX. R. APP. P. 33.1(a).

Moreover, Rodriguez has failed to preserve any evidentiary complaint about the relevancy of cross-examining Mary about the sexual assault she may have observed because he failed to proffer the specific, substantive evidence he sought to introduce.

In addition to preservation requirements of Texas Rule of Appellate Procedure 33.1, a party must meet preservation requirements found in Texas Rule of Evidence 103. *See Reyna*, 168 S.W.3d at 179 (holding error not preserved because proffer did not put court on notice that Reyna was making a Confrontation Clause argument). Texas Rule of Evidence 103 provides that a party preserves error in the exclusion of evidence by informing the court of its substance by an offer of proof made outside the jury's presence and before the court reads its charge to the jury. TEX. R. EVID. 103.

Rodriguez argues that he should have been able to cross-examine Mary about observing the sexual assault because it offered an alternative source of her sexual knowledge. Rodriguez's proffer informed the court that Mary had been forced to watch her cousin be sexually assaulted five or six years earlier in

6

Galveston. Rodriguez did not proffer the specific sexual abuse that Mary witnessed. Without those specifics, we cannot adequately review the admissibility of the evidence. *See Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (citing Rule 103 and holding error not preserved for review when appellant failed to proffer "with some degree of specificity, the substantive evidence he intended to present"). To the extent Rodriguez argues that the evidence as admissible under Rule 412, he did not request an in camera hearing as the rule requires. *See* TEX. R. EVID. 412 (requiring in camera hearing to determine admissibility of evidence of sexual assault victim's past sexual behavior).

We overrule Rodriguez's issue related to the exclusion of testimony of Mary's alleged prior observation of sexual acts.

## C. Evidence of Financial Incentives

Rodriguez also contends that the trial court erred in excluding testimony he claims would have established that Mary's grandmother had a financial incentive for obtaining permanent custody of Mary. Rodriguez argues the financial incentive impacted both the timing and the fact of reporting the sexual abuse. The trial court sustained the State's objection that the testimony was irrelevant.

Rodriguez did not make an offer of proof, and therefore did not establish basic facts necessary to his claim. *See* TEX. R. EVID. 103(a) (requiring offer of proof to preserve error unless substance apparent from context). Rodriguez did not

make an offer of proof to demonstrate the grandmother's potential incentive or bias, such as specificity of the public assistance the grandmother could receive, the amount of said assistance, how the timing of the sexual assault report impacted her eligibility for assistance, or whether the grandmother was aware of assistance. Rodriguez failed to preserve his claim regarding exclusion of the grandmother's testimony regarding public benefits.

We overrule Rodriguez's issue regarding the exclusion of evidence.

### Closing Argument

In his second issue, Rodriguez contends that the State's closing argument was inflammatory and harmful. He complains that the prosecutor improperly argued (1) that some people would want to castrate a child abuser; (2) that jurors should disregard the lesser-included offense because the State had proven the greater offense; (3) that the jury should not "be confused" when they consider that Mary is older when testifying than she was when the abuse occurred; (4) that Mary was credible despite her disadvantaged upbringing and that she deserved the same respect and consideration that society gives to children of celebrities. Rodriguez admits that he did not object to the State's closing argument at trial. Even so, he argues that preservation was not required because the inflammatory statements were so pervasive.

8

The Texas Court of Criminal Appeals has reiterated that "[t]he right to a trial untainted by improper jury argument is forfeitable." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018). "Even an inflammatory jury argument is forfeited if the defendant does not pursue his objection to an adverse ruling." *Id.* at 622–23 (citing *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (even assuming prosecutor's argument was so egregious that instruction to disregard would be ineffectual, defendant "should have moved for a mistrial to preserve this error")). "Erroneous jury argument must be preserved by objection pursued to an adverse ruling; otherwise, any error from it is waived." *Id.* at 623.

The record establishes that Rodriguez failed to object at any point to the closing argument he now challenges. As a result, Rodriguez's issue is unpreserved and overruled.

## Conclusion

We affirm the trial court's judgment.

Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Guiney and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).